SPENCER v. RAILROAD RETIREMENT
BOARD.

No. 9452.

Circuit Court of Appeals, Third Circuit.
Argued Jan. 23, 1948.

Decided Feb. 13, 1948.

Leonard F. Markel, Jr., of Norristown, Pa. (McTighe, Markel & Coates, of Norristown, Pa., and Bradford S. Magill and Dean, Magill, Huber & Horrigan, all of New York City, on the brief), for petitioner.

Myles F. Gibbons, of Chicago, Ill. (David B. Schreiber, Associate Gen. Counsel, and Louis Turner and Ernest O. Eisenberg, Attys., Railroad Retirement Board, all of Chicago, Ill., on the brief), for respondent.

Before MARIS, GOODRICH, and O'CONNELL, Circuit Judges.

MARIS, Circuit Judge.

The petitioner, an employee of the Mountain Water Supply Company who retired December 31, 1935, asks us to set aside a decision of the Railroad Retirement Board.[1] The Board decided that the petitioner was not entitled to a pension under the Railroad Retirement Act of 1937, 50 Stat. 307, 45 U.S.C.A. § 228a et seq., for any period after October 1, 1937, the cut-off date specified in Section 6(b) of the Act, 45 U.S.C.A. § 228f, or to an annuity under the Railroad Retirement Act of 1935, 49 Stat. 967, 45 U.S.C.A. §§ 215–228 note, for any period prior to June 28, 1944, the date "sixty days before the filing of the application" which is fixed as the beginning date in Section 3(c) of that Act, 45 U.S.C.A. § 217(c).

The Mountain Water Supply Company is a subsidiary of the Pennsylvania Railroad Company which supplies the Railroad Company with water and as such is a "carrier" and an "employer" within the meaning of both Railroad Retirement Acts. Its status as such was, however, contested by the Pennsylvania Railroad Company until about December 31, 1943 when the Railroad Company acquiesced in a ruling of the Board that the Water Supply Com-

[1] Jurisdiction is conferred upon this court by § 11 of the Railroad Retirement Act of 1937, as amended by § 215 of the Act of July 31, 1946, 60 Stat. 735, 45 U.S.C.A. § 228k.

pany was within the Acts. Consequently it was not until after that date that the Water Supply Company, which ever since the petitioner's retirement had been paying him a monthly pension under its private pension plan, advised the petitioner to make application for an annuity under the Railroad Retirement Act of 1935. The petitioner made such application on August 28, 1944.

The Board's decision was based on the proposition, subsequently acquiesced in by all parties, that the Mountain Water Supply Company was a "carrier" and an "employer" within the meaning of the Railroad Retirement Acts on July 1, 1937, and that the petitioner would, therefore, under the terms of the Acts have been entitled to an annuity on that date if he had applied for it. Consequently under the express terms of the Acts the petitioner was not entitled to a pension under the Act of 1937 after October 1, 1937, or to an annuity under the Act of 1935 for any period more than sixty days prior to actual application for it. The petitioner does not deny that the plain language of the Acts so provides. In this court the petitioner's sole contention is that the Board, by reason of its prior rulings with respect to other subsidiary water companies and its failure until 1944 to rule upon the Mountain Water Supply Company's status, was estopped to deny that he was not eligible for an annuity on July 1, 1937. We see no basis for such an estoppel.

It is settled that estoppel may not be asserted against an agency of the United States Government such as the Railroad Retirement Board. Federal Crop Insurance Corporation v. Merrill, 1947, 68 S.Ct. 1. Moreover, even if estoppel might be asserted against the Board we are satisfied that the essential elements of an estoppel are not present in this case. To refer to only one of the necessary elements, the petitioner has suffered no loss. On the contrary it appears that during the entire period from October 1, 1937, to June 28, 1944, he regularly received a monthly pension from the Mountain Water Supply Company under its private pension plan at a rate in excess of the annuity which he now claims from the Board. Consequently if anyone is aggrieved by the Board's decision it is the Water Supply Company and not the petitioner.

The decision of the Railroad Retirement Board will be affirmed.