**BORYSUK et al. v. EWING et al.**
**Civ. A. 11189.**

United States District Court
New Jersey.
April 24, 1951.

Samuel S. Cohen, Perth Amboy, N. J., for plaintiff.

Grover C. Richman, U. S. Atty., Camden, N. J., Edward V. Ryan, Asst. U. S. Atty., Newark, N. J., for defendant.

FAKE, Judge.

This matter comes before the court on motion for summary judgment by the defendant.

Plaintiff brought this suit for judicial review under the provisions of Section 205-(g) of the Social Security Act, 42 U.S.C.A. § 405(g), which provides as follows: "Any individual, after any final decision of the Board made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Board may allow. Such action shall be brought in the district court of the United States * * *. As part of its answer the Board shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Board, with or without remanding the cause for a rehearing. The findings of the Board as to any fact, if supported by substantial evidence, shall be conclusive, * * *."

The facts are briefly these:

Plaintiff is the widow of Stefan Borysuk, who died in February 1940, leaving him surviving plaintiff and four children, Anthony, Rose, Stephanie and Josephine. Plaintiff, who can neither read nor write, filed with the Bureau of Old-Age and Survivors Insurance on March 11, 1940, a "Statement Regarding Deceased Wage Earner," which showed decedent was survived by the plaintiff widow, but no children. On March 19, 1940, plaintiff filed an "Application for Lump-Sum Death Payment," as widow and, therein, in reply to the question, "Was the deceased wage earner survived by any children under 18 years of age and unmarried?" She stated, "No". Plaintiff received $175.44 on this application. It appears that in the transcript of the hearing at page 4, the undertaker, Mr. Synowiecki, filled out and signed the application for the plaintiff, and that he knew plaintiff had children.

On January 4, 1946, plaintiff filed an application for widow's current insurance benefits and children's insurance benefits on behalf of the four children. This was the first time the Bureau was informed there were children surviving the wage earner. Thereafter, the plaintiff withdrew the application of Stephanie, and the Perth Amboy Field Office of the Social Security Board disallowed the claim of Josephine on the ground that she was over 18 years of age on January 4, 1946, and therefore, not entitled to insurance benefits. The Perth Amboy office allowed the plaintiff's insurance benefits retroactive to October 1945, and also the claim of Anthony and Rose, retroactive to the same date. Subsequently, there was a further request filed with the board asking that the date to which plaintiff and the children, Anthony and Rose were entitled to insurance benefits be made further retroactive to March 1940. There was

a hearing held on September 10, 1947, at which time the referee ruled that under the Social Security Act, plaintiff and her children, Anthony and Ruth, were not entitled to monthly insurance benefits until the filing of an application, on January 4, 1946, which therefore, could only be made retroactive to October 1945.

The issue before the court now is whether plaintiff and her two children are entitled to benefits only retroactive to October 1945, as determined by the referee, or are they entitled to benefits beginning March 1940.

Section 202(h) of the Social Security Act, 42 U.S.C.A. § 402(h) states: "An individual who would have been entitled to a benefit under subsection (b), (c), (d), (e), or (f) for any month had he filed application therefor prior to the end of such month, shall be entitled to such benefit for such month if he files application therefor prior to the end of the third month immediately succeeding such month."

The Congressional Committee Reports explain this section of the act as follows: *"Delayed applications."*

"Section 202(h). This subsection provides that an individual who would have been entitled to an insurance benefit under subsection (b), (c), (d), (e), or (f) of this section for any month, if he had filed his application for such benefit during such month, shall be entitled to such benefit for such month if he files application for it before the end of the third month immediately succeeding such month. *The purpose of this section is to prevent the loss of benefits to individuals who might not know of their right to benefits or who, for some other reason, have delayed filing their applications.* If, for example, in March a widow has fulfilled all eligibility conditions under Section 202(d) except the filing of her application, and files application in June, she will be entitled to a benefit for March, April, May, June and thereafter, as if she had filed her application in March. Similarly, if she files application in July, she will be entitled to a benefit for April, May, June, July, and thereafter, just as if she had filed her application in April."

It is clear Congress intended that an application would be a condition precedent to the right to benefits under the act, and an applicant, until an application has been filed, would be entitled only to the retroactive period of three months given to the applicant by the statute on filing of the delayed application. Hence, the plaintiff and the two children entitled to insurance benefits have received all to which they were entitled. This construction is sustained by the Court of Appeals for the 10th Circuit in the recent decision of Ewing v. Risher, 176 F.2d 641.

The other two children, Stephanie and Josephine, have failed to pursue their administrative remedy, and therefore are not entitled to relief in this court.

Defendant's motion for summary judgment is granted. An order may be entered.