**Dora A. COY, Executrix of the Estate of Frank M. Coy, Deceased, Plaintiff,**

v.

**Oveta Culp HOBBY, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 12802.**

United States District Court, W. D. Pennsylvania.

March 9, 1955.

Walker & Newman, Pittsburgh, Pa., for plaintiff.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

Plaintiff brought this suit for judicial review under the provisions of Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g) which provides: "Any individual, after any final decision of the Administrator made after a hearing * * *" et cetera. The United States Attorney has filed a motion to dismiss, because there is no allegation in the complaint and the complaint does not show on its face that plaintiff has exhausted her administrative remedies, and for summary judgment. For the purposes of this discussion, the material allegations of the complaint are taken as admitted, but a decision against plaintiff cannot be had at this stage of the case, unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which can be proved in support of the claim. See Moore's Federal Practice, Section 12.08.

Plaintiff is executrix under the will of one Frank M. Coy, deceased. He died December 11, 1952. During his lifetime he became eligible for but did not apply for old age insurance benefits. The complaint alleges that during the last years of his life he was physically and mentally incapacitated. No application for the benefits was filed by anyone on his behalf. Plaintiff, as his executrix, sought to collect old age insurance benefits from defendant, retroactive to the date decedent became eligible, a matter of some twenty-seven months. Plaintiff's application was denied by the defendant through the proper administrative agency. Defendant says that there is no provision in the Act of Congress providing for payment of old age insurance benefits to the estate of a decedent when such person failed to apply for the benefits during his lifetime.

To become eligible for the benefits, the Act of Congress provides three steps, 42 U.S.C.A. § 402(a), as follows: (1) he must be a fully insured individual; (2) he must have attained retirement age; and (3) he must have *filed application for old age insurance benefits*. With relation to the requirement of the statute as to filing applications, the Court of Appeals for the Tenth Circuit, in Ewing v. Risher, 176 F.2d 641, 644, said:

"Filing the application within the statutory time was a necessary incident of the right conferred by the act, and failing to comply therewith extinguished appellee's right * *. It is true that the statute is a remedial one and should be liberally administered to effectuate the congressional purpose, but the congressional purpose must be ascertained from the clear language of the act. While a liberal interpretation should be indulged, such a policy does not warrant adopting a construction inconsistent with the clear wording of the · act in order to prevent loss to a claimant resulting from failure to

642

file an application as required by the act."

The court pointed out that the right is a creative one conferred by statute as distinguished from one which stems from the common law. The nature of such a right, its quality and character, are dependent upon the statute creating it. The court said that the rule is well settled that where a statute creates a right, unknown to common law, and limits the time within which the right must be asserted, the limitation defines and controls the right and the right fails to exist if not asserted within the time fixed in the statute therefor. In that case, the Court of Appeals held that the failure of a widow of a fully insured employee under the Social Security Act to apply within the statutory time from the death of the insured, extinguished the widow's rights to a lump sum payment of benefits.

In Ewing v. Gardner, 185 F.2d 781, the Court of Appeals for the Sixth Circuit held, however, that where an applicant became eligible during his lifetime by filing his application, but had neglected to file proof of age, his executor could collect the benefits to which decedent was entitled during his lifetime. The problem presented here is discussed in the opinion of Judge Fake of New Jersey in this District, in the case of Borysuk v. Ewing, D.C., 96 F.Supp. 779. That case involved delayed application under the Social Security Act. A widow filed an application on January 1, 1946. On the filing, the Bureau first became aware that there were children surviving the wage earner. On application, the Bureau allowed benefits retroactive to October 1945 a period of three months only. The widow sought benefits retroactive to March 1940. Judge Fake, in his opinion, reviewed the principles applicable here and granted summary judgment for the defendant.

■ The conclusion is that in order for an administrator or an executor to recover old age insurance benefits, the decedent or someone for him must have filed an application so that eligibility of the wage earner is established during his lifetime. In this case, the decedent did not file any application, nor was any application filed on his behalf. Therefore, regardless of the mental or physical condition of decedent prior to his death, which may or may not have prevented his application, his estate cannot receive any benefits under the Act.

It appearing that plaintiff is entitled to no relief under the complaint, the motion for summary judgment will be granted.