Leon S. **MEDALIA**

v.

**Marion B. FOLSOM,** Secretary of Health, Education, and Welfare.

Civ. A. No. 55–37–F.

United States District Court
D. Massachusetts.

Oct. 18, 1955.

———◆———

Erwin E. Cooper, Kabatznick, Stern & Cooper, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Arlyne F. Hassett, Asst. U. S. Atty., Boston, Mass., for defendant.

FORD, District Judge.

This is an action brought under 42 U.S.C.A. § 405(g) for review of a decision of a referee of the Social Security Administration, holding that plaintiff was entitled to Old Age Insurance benefits from May, 1953, but not before that date. Plaintiff contends he is entitled to receive benefits from October, 1950.

Plaintiff, born in 1881, is a physician who served as a medical officer in the armed forces of the United States from April 1, 1941 to May 25, 1946. He was then retired for disability with the rank of colonel, and has since received army retirement pay. His right to receive benefits under the Social Security Act is based solely on the credits allowed for his military service under the provisions of 42 U.S.C.A. § 417(a) (1).

Plaintiff says that in April of 1951 he telephoned to the Boston office of the Social Security Administration to inquire about his right to receive benefits under the Act and was told he was not eligible. This office has no record of such a telephone call. On May 17, 1951 he wrote to the National Adjutant of the Disabled Emergency Officers of the World Wars, inquiring as to his rights to benefits. This organization made inquiries of the Social Security Administration and subsequently published in its bulletin the interpretation of the Act then accepted by the Administration, under which plaintiff was barred from taking advantage of the provisions of § 417(a) (1), because he was receiving disability retirement pay. In August, 1953, the Administration changed its position and under the new interpretation plaintiff became eligible for benefits. Plaintiff learned of this new position by reading a report published in the bulletin of the same veterans' organization, and thereupon visited the Boston office in person on November 13, 1953. A record was made of this visit by the agent with whom he talked. Formal application for benefits was made in January, 1954 and it was determined that he was eligible for benefits from May, 1953. This determination was upheld by the referee after hearing, the Appeals Council denied plaintiff's request for review, and he thereupon brought the present action.

■ An individual, in order to be eligible for old-age insurance benefits must be one who is fully insured, has attained retirement age, and has filed application for old-age insurance benefits. 42 U.S.C.A. § 402(a). Under § 402(j) (1), as it read at the time of plaintiff's application, an individual who would have been entitled to a benefit for any month had he filed application during such month becomes entitled to receive such benefit if he files application prior to the end of the sixth month immediately succeeding such month. Under the Act, therefore, plaintiff is not entitled to a benefit for any month earlier than the sixth month preceding his application, and the essential question is when he first made application.

The Social Security Administration regulations issued under the Act provide (20 C.F.R. 403.701(k) (1) ):

*Bureau record of request for benefits or lump sum as application.* When a person orally or in writing expresses to the Bureau an intention to claim benefits or a lump sum, and it appears that such person is not eligible or that his eligibility is so doubtful that the taking of an application upon a prescribed form would not be warranted, the Bureau shall so advise such person and shall also advise him that if he desires he may file an application on a prescribed form to obtain a formal adjudication of his rights. Where an application on a prescribed form is not then filed because of doubtful eligibility, the Bureau shall make and maintain in its files a written record of the expressed intention to claim benefits or a lump sum, in all cases in which some possibility of entitlement exists, even though remote. If it is later found that such person was eligible for benefits or a lump sum at the time the record was made, this record shall, except where such per-

son otherwise indicates, be deemed an application filed with the Bureau as of the date it is made: *Provided,* That an application on a prescribed form is also furnished to the Bureau. Thereafter, adjudication shall proceed as in other cases.

In accordance with this regulation the referee found that although plaintiff's formal application was filed in January, 1954, the record made of his visit to the Boston office in November, 1953, was to be considered as his first application, thus making him eligible for benefits beginning with May, 1953.

█ At the hearing before the referee, plaintiff appears to have argued that his letter to the Disabled Emergency Officers of the World Wars in May of 1951 was an application for benefits. This contention was properly rejected. This letter was clearly not an application to the Social Security Administration.

██ Plaintiff now relies on his telephone call to the Boston office in April of 1951 as being his original application for benefits. The only evidence that such a call was made was plaintiff's own testimony. The referee did not expressly find that such a telephone call had or had not been made. His decision appears to have been based on his view that there must be a written application, at least in the form of a written record made by the Bureau of an oral claim for benefits. Since no such record existed as to the alleged telephone call, he rejected April, 1951, as the date of the original application.

Taking the evidence of the plaintiff in its most favorable light, it appears that he made a telephone call in April, 1951, to somebody in the Boston office. He did not indicate that he knew to whom he spoke. He could not remember whether or not he revealed his own identity. The purpose of the call, he said, was to make an appointment to see the field manager at the office. As to the substance of the conversation he could recall only that he said he understood there had been a bill passed making army people eligible for social security and asked if there was anything in it, and was told that they knew nothing about it.

The administrative regulations clearly contemplate that an oral application for benefits can be sufficient to fix the date from which a claimant becomes eligible for benefits, at least where a written application on the prescribed form is subsequently filed. It is not necessary to decide here whether the failure to make the prescribed written records would affect the rights of a claimant who had made a proper oral application. The April, 1951, telephone conversation, accepting plaintiff's account of it, was not an application for benefits as required by the Act. It was a mere general request for information. Plaintiff cannot say that he indicated who he was, gave any information about his claim, or even expressed any intention to make a claim. It does not even appear that he indicated he was interested in determining his own eligibility for benefits. Indeed, so far as his description of the conversation goes, he said nothing from which it could be gathered whether he was seeking information for his own use or for the benefit of someone else. To constitute an application there should at least be a revelation of the claimant's identity together with an expression of his intention to claim benefits. Even this bare minimum cannot be found in plaintiff's own description of the alleged telephone conversation.

█ Plaintiff further contends that he was prevented by the action of the administrative agency from filing his application, and that defendant should therefore be estopped from denying his claim. It appears only that some employee of the agency may in 1951 have expressed ignorance of the statutory provisions on which plaintiff's claim was based, and that the Social Security Administration at that time took a position as to the meaning of the law adverse to plaintiff's claim. There was nothing in this to prevent him from protecting his rights by filing formal application and by seeking an adjudication of his claim. Ewing v. Risher, 10 Cir., 176 F.2d 641, 644. More-

over, estoppel may not be asserted against an agency of the United States. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 383, 68 S.Ct. 1, 92 L.Ed. 10; Spencer v. Railroad Retirement Board, 3 Cir., 166 F.2d 342, 343.

Judgment for defendant.