Shoshanna **RUDERMAN** et al.,
Appellants,

v.

Arthur S. **FLEMMING,** Secretary, Department of Health, Education and Welfare, Appellee.

No. 14383.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 14, 1958.

Decided Nov. 6, 1958.

Mr. Ernest M. Shalowitz, Washington, D. C., with whom Messrs. Louis E. Spiegler and Sol M. Alpher, Washington, D. C., were on the brief, for appellants.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Aaron Hanovice served in the United States Army from 1943 until the date of his honorable discharge, November 15, 1945. He was killed on August 14, 1947, leaving a wife to whom his child

was posthumously born on October 29, 1947. Mother and child were then entitled to survivorship protection under the Social Security Act Amendments of 1946,[1] provided they had made timely application for benefits. The soldier's widow remarried on November 10, 1949, and is now appellant here as Mrs. Ruderman, seeking to recover on her own account and in behalf of her child. She never made the required application for herself, but in September, 1953, through her brother-in-law at Pittsburgh, Pennsylvania, appropriate steps were initiated in the interest of the child. The Bureau honored the latter application retroactive to March, 1953. Having belatedly and unsuccessfully sought full Social Security benefits for herself and the child from the date of the soldier's death in 1947, Mrs. Ruderman asked the District Court to review the Secretary's adverse final decision, rendered through the Office of Appeals Council. Summary judgment was entered for the Secretary, and this appeal followed.

It is not questioned that an application for benefits was required by the statute to be filed in accordance with regulations which are unchallenged. The present position of the appellants is essentially that a valid oral claim must be found to have been made. It appears that Mrs. Ruderman on August 25, 1947, requested and was granted an interview at the American Consulate General of the Foreign Service of the United States in Jerusalem, Palestine. She then, and later similarly, inquired "as to what her legal rights were with respect to the various benefits, pensions, or other moneys she may be eligible to receive by virtue of her being a widow of a United States citizen who had honorably served in the United States Army, and by virtue of her becoming the mother of his posthumously born child." [2]

■■ It is accordingly argued that an application should be deemed to have been filed when a request was made for advice as to all benefits. We have carefully considered the regulation upon which appellant relies [3] with its provisions with respect to a person who "orally or in writing expresses to the Bureau an intention to claim benefits * * *." We are firmly of the view that the Social Security Act, its amendments and regulations should be liberally construed, especially in the case of an honorably discharged serviceman for whose benefit the wartime service coverage was here applicable. Even so, we can not make the regulations say what they do not say. We simply can not construe "Bureau," referring to the Bureau of Old Age and Survivors Insurance, to mean a consular office maintained abroad by the Department of State. The 1947 regulations wholly failed to deal with such a case as this.[4]

By way of contrast, the regulations were amended in 1948. The later language not only retained reference to the "Bureau" as before, but as an alternative point at which certain action might occur, expressly interpolated the additional designation of "an office maintained outside the United States by the United States Foreign Service." [5] Then,

1. 42 U.S.C.A. § 410, 60 Stat. 979; cf. 42 U.S.C.A. § 417.

2. Subsequent to this inquiry, Veterans Administration benefits were awarded to the family pursuant to appropriate and specific application therefor. Our references throughout are to Social Security benefits.

3. 20 C.F.R. § 403.701(k) (1947).

4. Other 1947 regulations make specific reference to the "Bureau." 20 C.F.R. § 403.701(a), (e) (f) (1947). Subsection (a) treats of prescribed forms of applications to be filed under subsection (e), "at an office of the Bureau, or with an employee of the Administration * * * duly authorized to receive such applications at a place other than such an office." An application under (f) shall be considered to have been filed as of the date the application is received "at an office of the Bureau or by an employee of the Administration authorized to receive it."

5. Cf. the 1949 edition, 20 C.F.R. § 403.701 (a), (e), (f).

importantly, the same 1948 regulation provided that *oral* requests were to be governed by the provisions of § 403.701 (k), with the 1947 language retained, without alteration.

Clearly, then, pursuant to the 1948 amendment, persons not residing in the United States might procure application forms from and file them at "an office maintained outside the United States by the United States Foreign Service." But persons who *orally,* or in a writing other than an application on the prescribed form, wished to express an intention to claim benefits were bound to do so *to* the *Bureau,* and nowhere else. The Bureau officials, charged with administration of the Act, were then required to take certain action, and most importantly, to make a written record of such expressed intention that the subject might be processed, even though the possibility of entitlement might be remote.

The *written record,* thus made by Bureau personnel, was to be deemed to be an application, and to have been filed with the Bureau as of the date the record was made. Even so, an application on the prescribed form was thereafter required to be furnished to the Bureau, whereupon the adjudicatory process would follow.

We certainly can not say that such requirements were unreasonable, or so arbitrary or otherwise unlawful as to void the regulations. Clearly the performance of certain specified duties might properly be demanded of trained Bureau personnel, and yet not be imposed upon Foreign Service employees.

The statute compels the timely filing of an application. The regulations are adapted to that end, even broadly facilitating initiation of steps looking to ultimate adjudication of status and the determination of eligibility. But there is no substitute for compliance, and we are necessarily bound by the Act and the regulations.[6] It follows that the court can afford no relief here. We have no recourse but to hold that Mrs. Ruderman's various oral inquiries at the American Consulate in Palestine failed to satisfy the prescription of the governing regulations. Accordingly the judgment of the District Court must be and is

Affirmed.

---

6. Cf. Coy v. Folsom, 3 Cir., 1955, 228 F. 2d 276; Ewing v. Risher, 10 Cir., 1949, 176 F.2d 641; Medalia v. Folsom, D.C. Mass.1955, 135 F.Supp. 19; Borysuk v. Ewing, D.C.N.J.1951, 96 F.Supp. 779.