**John J. McNALLY, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of the Department of Health, Education and Welfare, Social Security Administration of the United States of America, Defendant.**

**Civ. A. No. 573–59.**

United States District Court
D. New Jersey.
May 13, 1960.

**310**

Albert A. Sann, Jersey City, N. J., for plaintiff.

Chester A. Weidenburner, U. S. Atty., by Harold Weideli, Jr., Asst. U. S. Atty., Newark, N. J., for the government.

WORTENDYKE, District Judge.

In this proceeding plaintiff, an applicant for old-age insurance benefits pursuant to 42 U.S.C.A. § 402(j), seeks a review of a decision of the defendant Secretary, under the jurisdiction delegated to this Court by the provisions of 42 U.S.C.A. § 405(g).

In his decision of December 16, 1958, the Referee determined that the applicant was entitled to old-age insurance benefits beginning with April 1956, and not before. Plaintiff disagrees with the Referee's decision and unsuccessfully sought a review before the Appeals Council, whose denial of review was dated May 19, 1959. The present action was instituted within the sixty day period prescribed by the jurisdictional section referred to.

The record submitted is correctly summarized in the Referee's decision, as follows:

"On April 23, 1957 the claimant (plaintiff here) filed an application for old-age insurance benefits. * * By letter dated January 24, 1958, the Bureau (of Old-Age and Survivors Insurance) advised the claimant of the award of old-age insurance benefits to him in the amount of $70.30 a month, effective with the month of April 1956. * * * The claimant contends that he had made application for old-age insurance benefits in October, 1953, and, there-

:fore, believes that his benefit payments should be retroactive to October 1952. * * *

"At the hearing the claimant testified that he had operated a private detective agency for many years. During 1951 and 1952 he had been engaged in operating such an agency. He retired from this business in September, 1952. Some time in October, 1953, he called at the Social Security Office on Bergen Avenue in Jersey City to file an application for old-age insurance benefits. He stated that he was received by one young lady to whom he gave his social security account number and then was turned over to another young lady who conducted the interview with him. He was asked whether he had a copy of his 1952 income tax return, and more particularly, a copy of his Form 1040–C. He explained that these had been lost or mislaid during his move from Pennsylvania back to New Jersey and he alleges that he was then told that without these he could not get his Social Security benefits. The claimant stated that during the course of this interview he did not sign any papers, nor to the best of his recollection did the interviewer fill out any papers.

"The claimant further testified that he then went to the Internal Revenue Service in Newark, New Jersey in an effort to obtain a copy of his 1952 tax return, but the Internal Revenue Service advised him that they had no record of it and were unable to locate it. He also went to the Post Office Department in an effort to obtain a record of the money order he had sent in to Internal Revenue in payment of his taxes. The Post Office Department advised him that their records had been destroyed. The claimant alleged that all of this caused him to have a nervous breakdown in November, 1953. He thereupon took no further action until April 1957 when he called at the District Office in Jersey City and filed his application for old-age insurance benefits.

"The claimant was at home during the period of his illness, but was not confined. He gave his illness as the reason for not taking any action during the period from October 1953 to April 1957. He further stated that he did not recover from his illness until 1958. The claimant has in his possession copies of correspondence written and received by him after April 1957, but has no copies of any correspondence prior to that date with either the Internal Revenue Service or the Bureau of Old-Age and Survivors Insurance. The records of the Bureau of Old-Age and Survivors Insurance contain no correspondence with the claimant prior to April 23, 1957."

Plaintiff was born September 8, 1885, and attained the age of 65 years in September of 1950. Although the application form which plaintiff filed with the Bureau on April 23, 1957 contained a space opposite the caption "Remarks" available "for explaining any answers to the questions" upon the form, no reference is made therein to the contention made by the plaintiff before the Referee and in the present action, that he had initially applied orally for the benefits in October of 1953.

Under date of December 24, 1957 the District Director of Internal Revenue Service certified to the Social Security Administration that a 1952 income tax return had been filed by plaintiff and his wife on March 14, 1953, with a payment of $37.51 as self-employment tax thereon. On January 24, 1958, plaintiff was awarded old-age benefits at the rate of $70.30 per month, commencing with the month of April 1956. Under date of February 19, 1958, plaintiff advised the Director of Social Security Administration at Washington, D. C., by letter, in part, as follows:

"On or about April 1st, 1957 I applied for Social Security benefits

at which time I was nearly 72 years of age. I started and paid into Social Security self-employment starting in 1951. In May 1957 I was informed by the office of Social Security Administration in Jersey City, N. J. that I did not have enough quarters and they did not have any record of my self-employment tax for 1952.[1] I would have applied for my benefits in 1953, but was taken sick in the year above mentioned with a nervous breakdown and have been in this condition up to the present time and have been unemployed since 1953. * * Since my return for 1952 tax had been mislaid or could not be found and I was taken sick, I believe that I am entitled to benefits from 1953. I finally received benefits on January 1958 which included from April, 1956. I still believe that I am entitled to benefits on account of being sick in 1953 and because my self-employment tax return was lost by the Internal Revenue Dept.

"In 1953 I received information that my self-employment tax report could not be found and did not file for benefits as I was laid up with a nervous breakdown."

Under date of May 3, 1958 plaintiff followed the foregoing letter with another similarly addressed, enclosing a copy of the former, in which he reiterated the substance of his previous letter, including the above quoted portions thereof. In a letter to the plaintiff dated June 10, 1958, the Chief of the Area Office of the Department of Health, Education and Welfare, responded to plaintiff's request for reconsideration of the effective date of his application for old-age benefits, pointed out that the Act authorized payment of benefits only to insured workers of retirement age who filed an application therefor, and that an appli-

cation filed after August 31, 1954 would be retroactive for twelve months provided the claimant had attained retirement age and was fully insured during the entire twelve month period. The letter further explained that because the application for benefits was filed on April 23, 1957 the allowance thereof could not be made retroactive to a month prior to April, 1956. Plaintiff replied under date of August 25, 1958, when, for the first time, he made the statement that in October 1953 he had made application for his Social Security benefits and was requested to produce his 1952 income tax return.

42 U.S.C.A. § 405(a) authorizes the Secretary "to make rules and regulations and to establish procedures, not inconsistent with the provisions of (the Act), which are necessary or appropriate to carry out such provisions, and (to) adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits (t)hereunder." Section 403.701(k) (1) of Chapter III of the Regulations promulgated by the Secretary which, by the provisions of § 404.601 are made applicable to the filing of applications for old-age insurance benefits, contemplates that an expression of intention to claim such benefits may be expressed orally. If the individual's eligibility is so doubtful that the taking of an application upon the prescribed form would not be warranted, the Bureau is required to advise him that, if he desires, he may file an application on such a form to obtain a formal adjudication of his rights. If he does not use the prescribed form, the Bureau is required by the Regulation to make and maintain in its files a written record of the expressed intention to claim benefits "in all cases in which some possibility of

1. The Bureau initially (May 8, 1957) rejected plaintiff's application of April 23, 1957 on the ground that the Bureau's records disclosed that he lacked the required quarters after 1954 for a fully insured status. However, after reconsideration, the application was allowed by the Bureau's certificate of January 24, 1958, supra.

entitlement exists, even though remote. If it is later found that such person was eligible for benefits * * * at the time the record was made, this record shall, except where such person otherwise indicates, be deemed an application filed with the Bureau as of the date it is made: Provided, That an application on a prescribed form is also furnished to the Bureau. * * *." Section 403.701 (a) of the same Chapter of the Regulations requires the use of forms prescribed by the Bureau for the filing of applications but expressly refers to subdivision (k) of the same section, above quoted from.

From the foregoing it is apparent to this Court that in October 1953 when the plaintiff allegedly orally expressed to an employee of the Bureau his intention to apply for benefits under the Act, the sufficiency of an oral application was recognized in the Regulations provided, however, that it be followed by the filing of a written application upon the prescribed form. No time limit was then prescribed for compliance with the foregoing proviso; but on October 8, 1955 the promulgation of § 404.613 of the Regulations imposed the requirement that such written application form be filed within 90 days next succeeding the stated promulgation date. Such requirement was concededly not performed, because the written application was not filed until April 23, 1957.

The sole question before the Referee, as he stated at the outset of the hearing given to the plaintiff, was "whether the claimant is entitled to old-age insurance benefits for any month prior to April, 1956." This Court is not required or authorized to weigh the evidence before the Referee. The Act, 42 U.S.C.A. § 405(g), provides:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a hearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Secretary or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations."

One of the three essential prerequisites to plaintiff's entitlement to an old-age insurance benefit is that he shall have "filed application for old-age insurance benefits or was entitled to disability insurance benefits for the month preceding the month in which he attained the age of 65." 42 U.S.C.A. § 402(a) (3). Section 402(j) (1) requires an individual entitled to a benefit to file his application therefor prior to the end of the twelfth month immediately succeeding the month in which he became entitled to the benefit. See Coy v. Folsom, 3 Cir., 1955, 228 F.2d 276.

■■ Before it becomes appropriate to determine the effect of the alleged absence of any written record by the Bureau's employee in its Jersey City office of plaintiff's claimed expression of intention to apply for benefits in October, 1953, it becomes necessary to determine whether there was substantial evidence before the Referee that such an expression of intention was actually made. The non-existence of a written record of such an expression of intention at the time and place claimed is, of course, not conclusive of whether such an expression occurred. Johnson v. Hobby, D.C.R.I. 1955, 131 F.Supp. 497. To constitute an effective oral application under the regulations there must be at least a revelation of the claimant's identity together with an expression on his part that he intends to make claim for benefits under the Act. Medalia v. Folsom, D.C.

Mass.1955, 135 F.Supp. 19. The Johnson case, supra, was decided on March 23, 1955, more than six months prior to the promulgation of § 404.613 of the Regulations. Although her formal application for benefits was filed March 4, 1953, plaintiff Johnson claimed that she had made an inquiry at the Bureau's office in January of that year, and contended that the inquiry constituted an expression of intention to apply for benefits. The Referee recognized that § 403.701(k)(1) of the Regulations permitted the establishment of a retroactive filing date for an application by means of an oral expression of intention to claim benefits, but held that there must be a *written* record of the expression of intention to claim benefits in order to establish a retroactive filing date. The Referee accordingly concluded that the absence of a record of the oral expression of intention in the Bureau precluded the award of benefits retroactively. Only because the Referee there based his decision solely on the non-existence of a written record with the Bureau of plaintiff's expression of intention, and in the absence of a specific finding whether plaintiff had established the fact of such expression by sufficient proof, the court remanded the cause for a rehearing and determination of that question. It was the Court's view that because the Referee had the opportunity to observe the plaintiff and of hearing her testimony and of determining the weight and credence to be given thereto, he should have made a specific finding respecting the critical question.

■ Such was not the situation in the present case. A summary of the testimony of the plaintiff, as set forth in the decision of the Referee, has been quoted above. The writer of this opinion has, himself, read the transcript of the testimony before the Referee and finds therein substantial basis for the Referee's refusal to find that the plaintiff made the oral statement of intention in October, 1953, upon which he presently relies. Howatt v. Folsom, 3 Cir., 1958, 253 F.2d 680; Livingstone v. Folsom, 3 Cir., 1956, 234 F.2d 75; Rhoads v. Folsom, 7 Cir., 1958, 252 F.2d 377.

■ There is, however, yet another ground upon which the decision of the Referee must be affirmed. As he points out in that decision, § 404.613 of the Regulations, which became effective with its publication in the Federal Register on October 8, 1955, did not rescind § 403.701(k), herein previously referred to, but provided that the latter section should remain effective for ninety days after the Federal Register publication aforesaid; provided that an application on the form prescribed in § 404.602 be filed within the ninety day period. Therefore, the Referee properly concluded that even if the Bureau had made a record of the plaintiff's alleged visit to its office in October, 1953, it would have been necessary for the plaintiff to file a formal application within 90 days of October 8, 1955, to render effective the October, 1953 date for the award of benefits. By the plaintiff's own admission, no formal application was filed by him prior to April 23, 1957. Consequently plaintiff's failure to comply with the Regulations applicable to his status and situation, precluded the retroactive extension of his benefits to a date prior to April, 1956. See Ruderman v. Flemming, 1958, 104 U.S.App.D.C. 255, 261 F.2d 373.

Defendant's motion for summary judgment must prevail for the reasons hereinabove stated, and an appropriate order may be presented in conformity therewith.