Jaley Stone COLE, Petitioner,

v.

**RAILROAD RETIREMENT BOARD,**
Respondent.

No. 16588.

United States Court of Appeals
Eighth Circuit.

April 25, 1961.

John J. Cole, St. Louis, Mo., Henegan,
Roberts & Cole and Woodward L. Carter,

Jr., St. Louis, Mo., on the brief, for petitioner.

Louis Turner, Asst. General Counsel, Chicago, Ill., Myles F. Gibbons, David B. Schreiber and Ernest O. Eisenberg, Railroad Retirement Board, Chicago, Ill., on the brief, for respondent.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review and set aside a decision of the Railroad Retirement Board, an independent agency of the United States charged with the administration of the Railroad Retirement Act of 1937 (50 Stat. 307, as amended, 45 U.S.C.A. §§ 228a–228z) and the Railroad Unemployment Insurance Act, 52 Stat. 1094, as amended, 45 U.S.C.A. §§ 351–367. The Board's decision, under review, determined that the widow's insurance annuity awarded under the Railroad Retirement Act to the petitioner, Mrs. Jaley Stone Cole—the widow of Thomas J. Cole, who at the time of his death on February 23, 1953, was General Attorney of the Missouri Pacific Railroad and a "completely insured" railroad employee—could not begin prior to July 1, 1958. The decision is reviewable under Section 11 of the Railroad Retirement Act, 45 U.S.C.A. § 228k.

The facts out of which the controversy arose are not in dispute. At the time of her husband's death, Mrs. Cole was fifty-seven years of age. She had no minor children in her care. On March 23, 1953, she filed with the Board an "Application for Lump-sum Death Payment." In her application she stated that she was born on April 12, 1895, that she and her deceased husband were married on April 18, 1915, and that she was applying "for the lump-sum death payment or for any insurance annuities based on the insured status of the deceased employee, payable" to her "under the Railroad Retirement Act, as amended."

On April 30, 1953, the Board's Bureau of Retirement Claims, by Robert H. La-

Motte, Director of Retirement Claims, wrote Mrs. Cole that she had been found to be entitled to a lump-sum payment of $614.30 under the Railroad Retirement Act, and that a check for that amount would follow. The letter went on to say:

"The payment described above will not affect your future entitlement to any additional benefits payable under the Railroad Retirement Act. The enclosed leaflet lists the types of benefits to which survivors of employees may become entitled and explains the conditions under which survivors qualify for benefits. As the above-named employee was completely insured, you may be eligible for a monthly annuity beginning with the month in which you attain age 65 if you have not remarried. However, at that time, it will be necessary for you to file a new application with an office of the Board."

The enclosed leaflet, entitled "Conditions Under Which Insurance Annuities and Insurance Lump Sums Are Payable to Survivors of Railroad Workers," so far as pertinent stated:

"Monthly insurance annuities may be payable under the Railroad Retirement Act to the following survivors of a properly insured employee:

"(1) The unremarried widow of a 'completely' insured employee, who has attained age 65; * * *."

The letter and the leaflet were entirely truthful under the provisions of the Act as it stood at the time they were sent to Mrs. Cole.

On August 31, 1954, Section 5 of the Railroad Retirement Act was amended by Public Law 746 (c. 1164, §§ 8, 9, 68 Stat. 1039), reducing the age at which an otherwise qualified widow would be eligible for an insurance annuity from sixty-five to sixty. The amendment was publicized in newspapers in the St. Louis area where Mrs. Cole lived, but did not come to her attention.

On July 21, 1959, she wrote the following letter to the Board:

"Gentlemen:

"Your letter RL–43d dated April 30, 1953, notified me that I had been found to be entitled to a lump-sum of $614.30, and that I may be eligible for a monthly annuity beginning with the month in which I attained age 65.

"I have not heard anything from the Board since that time, and was waiting until I was 65.

"Quite by accident I heard that widows could draw benefits at 62. I heard this just a few days ago. I called the Railroad Retirement Board, St. Louis, Missouri, and was told that the age was 60. I asked the man why I had not been notified, and was told that I had to apply in person. I therefore went down the same day.

"Since I was not notified, I would like for this to be made retroactive back to the time I was 60, April 12, 1955."

She also made and filed formal application for her widow's insurance annuity on the same day.

On September 9, 1959, Mrs. Cole was notified by Robert H. LaMotte, Director of Retirement Claims, that she had been awarded an insurance annuity from July 1, 1958, and that: "Under the Railroad Retirement Act an annuity may be retroactive to the first day of the twelfth month preceding the month in which the application was filed. Therefore, the earliest beginning date of your annuity is July 1, 1958."

In the belief that she was legally entitled to have her insurance annuity begin as of April 12, 1955, when she became sixty years of age, Mrs. Cole appealed to the Appeals Council of the Board. The Appeals Council, in sustaining the decision of the Bureau of Retirement Claims, pointed out that Section 5(j) of the Railroad Retirement Act, 45 U.S.C.A. § 228e(j), relating to the time when annuities begin and end, provided that an annuity could not begin "earlier than the first day of the twelfth month before the month in which the application was filed." Mrs. Cole appealed to the Railroad Retirement Board from the decision of the Appeals Council. The Board, after fully and fairly stating the facts, reached the following conclusion:

"Section 5(3) [5(j)] of the Act contains the following provision with respect to the beginning date of survivors' annuities:

" ' * * * An application for any payment under this section shall be made and filed in such manner and form as the Board prescribes. An annuity under this section for an individual otherwise entitled thereto shall begin with the month in which eligibility therefor was otherwise acquired, but not earlier than the first day of the twelfth month before the month in which the application was filed. No application for an annuity under this section filed prior to three months before the first month for which the applicant becomes otherwise entitled to receive such annuity shall be accepted. * * * '

"Appellant did not become eligible for a widow's insurance annuity until she attained sixty years of age in April 1955, and pursuant to the above-quoted provisions of law, no application filed more than three months before April 1955 can be accepted as her application for a widow's insurance annuity. Furthermore, under the law the earliest date her widow's insurance annuity could begin to accrue is July 1, 1958 which was the first day of the twelfth month before the month her application was filed. The Board is charged with the responsibility of administering the law as enacted by the Congress and has no authority to deviate from its mandatory provisions."

The Board sustained the decision of the Appeals Council.

In her brief, Mrs. Cole's contention that she was and is entitled to have her annuity commence on April 12, 1955, is stated as follows:

"Petitioner in summary asserts that she is the beneficiary of a trust fund created by the contributions of railroads and their employees and that respondent, its trustee, is attempting to deny her payments therefrom, certain and vested, by reason of the fact that she did not apply for a right she did not know she had. Since this agency of the government did not make a reasonable and proper effort to advise that group of which petitioner is one of this alteration in the terms of the trust, it cannot now question her right to annuity payments accrued from April 1955 to July 1958."

The arguments advanced on behalf of Mrs. Cole are: (1) that the Railroad Retirement Board is trustee of the contributions collected from employers and employees under the Railroad Retirement Tax Act, 26 U.S.C. §§ 3201–3233, and is the sole body with power to determine issues relating to benefits; that its course of dealings with Mrs. Cole was not that of a trustee diligent in the performance of its obligations; (2) that the forfeiture of the benefits to which she was entitled for the years from April 12, 1955, to July 1, 1958, without adequate notice to her, is violative of the due process clause of the Fifth Amendment to the Constitution of the United States; and (3) that, having previously been advised by the Board that she was not entitled to benefits until she reached the age sixty-five, it may not now assert the one-year statutory limitation as a bar to her demand for annuity payments commencing when she became sixty.

The Board's position is substantially as stated in its decision under review, namely, that its authority under the Railroad Retirement Act is purely statutory and that it is not empowered to award insurance annuities except under the terms, conditions and limitations specified in the Act.

■ Obviously, there is no basis for a ruling that the Board was, or could be, estopped by anything which it had done or written, from denying Mrs. Cole's request that her annuity be made to commence on her sixtieth birthday. See and compare, Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 383–384, 68 S.Ct. 1, 92 L.Ed. 10; Spencer v. Railroad Retirement Board, 3 Cir., 166 F.2d 342, 343; Medalia v. Folsom, D.C.Mass., 135 F.Supp. 19, 21–22.

■ There was nothing in the amendment reducing the age limit for widows' insurance annuities that required the Board to give personal notice to all widows who, its files might show, had been advised of the age limit provided in the Act prior to its amendment and who might not promptly have become aware of the subsequent reduction in eligible age. After all, everyone is charged with knowledge of the United States Statutes at Large, and their enactment gives legal notice of their contents. Federal Crop Insurance Corp. v. Merrill, supra, at pages 384–385 of 332 U.S., at page 3 of 68 S.Ct. Lack of actual notice to eligible widows could not enlarge the statutory authority granted by Congress to the Railroad Retirement Board in awarding annuities.

■ In enacting the amendment which made Mrs. Cole eligible for an annuity at age sixty, Congress might well have provided that the limitations prescribed in Section 5 of the amended Act should not apply to those of her class who could show that they had no knowledge of the change in the applicable law. Presumptively at least, the Government has in its hands unused contributions sufficient to enable the Board to pay her and other widows similarly situated the annuities to which they were entitled, commencing with age sixty, under the Act as amended. But obviously neither the Railroad Retirement Board nor this Court has any power to amend the Act or to ignore the conditions or

limitations imposed by Congress upon the grant of annuities. We are satisfied that no part of the Act or of the action of the Board under review is violative of Mrs. Cole's constitutional rights.

It is apparent that the Board has done all that it presently can do for Mrs. Cole under its statutory authority. Mrs. Cole's recourse, if any, is not to this Court, but to Congress.

The decision of the Railroad Retirement Board is affirmed.