Albright Estate.

Argued March 16, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Donald W. Bebenek,* with him *William F. Donatelli,* for appellants.

*Franklin Blackstone, Jr.,* guardian ad litem, in propria persona.

OPINION BY MR. JUSTICE COHEN, May 25, 1961:

In 1951, Charles Albright, Sr., died survived by his widow Rose Ferrone Albright and two children, Roseann and Charles, Jr. The deceased was insured under the Social Security Act, 42 U.S.C.A. §301 (1956), and his widow and children, as dependents, qualified for the various benefits provided for in the Act.

We are here concerned with child's insurance benefits which were received monthly in the name of the mother on behalf of her two minor children as provided for in §402(d) of the Social Security Act. The widow of the deceased received, on her own behalf, monthly checks representing widow's insurance benefits under §402(e) of the Act.

In 1952 Rose Albright became ill and, in 1954, was committed to Woodville State Hospital where she remained until 1959. She was adjudicated an incompetent in 1958. During the period of her illness (1952-1959) the children were maintained and reared by appellants, sisters of the incompetent. Even though the incompetent was not maintaining the children, she continued to receive monthly child benefit checks until she entered Woodville. These checks were either cashed

or placed in her bank account. After the incompetent entered Woodville in 1954, appellant, Lucy Mauro, continued to deposit the monthly checks in her account.

Subsequent to the widow's recovery and adjudication of competency in 1959, the orphans' court ordered her guardian to distribute to the children the amount of child benefits which were deposited in her bank account. The appellants excepted to this decree of distribution, contending that since they maintained and reared the two children during the period of their mother's incompetency, they should be entitled, upon proper proof, to the accumulated child benefits still held in the incompetent's estate.

When the widow became ill and the appellants assumed the responsibilities of maintaining and rearing the children, she ceased to be a proper party to receive child benefits on behalf of her children since the custodial relationship, which had entitled her to receive the benefits in the first instance, had been severed. Consequently, all subsequent child benefit payments made by the Social Security Administration were made incorrectly and could have been recovered by the United States under the general principle of law that the federal government has a right to recover funds wrongfully, erroneously or illegally paid. *U. S. v. Wurts,* 303 U.S. 414, 58 S. Ct. 637, 82 L. Ed. 932 (1938). Section 404(b) of the Social Security Act, however, permits the government to refrain from collecting improper payments from a party without fault where recovery either would be against equity and good conscience or would defeat the purpose of the Act.

In the proceedings below the government chose to reclaim the accumulated widow benefits but did not seek to recover the accumulated child benefits. We can only conclude that the government determined that it would *not* be against equity *or the purpose of the Act* to recover the widow's benefits paid during the period

of her commitment in a state institution, and that it *would* be inequitable or defeat the purpose of the Act for the government to recover the funds merely because proper application for child benefits had not been made by those who cared for them when the mother became incompetent. Since the government has not sought to recover these child benefits they become part of the incompetent's estate.

The lower court reasoned that since proper application procedures had not been followed by appellants they had no right to the funds.[1] This was error, since appellants do not claim rights to these funds vis-a-vis the government, but against the estate of the widow.

The lower court also determined that, since these payments were for the benefit of the children, the accumulated child benefits are the personal and exclusive property of the children. This concept completely overlooks the nature of the benefits. If the father were not supporting the child at the time of his death, the child is not entitled to the benefits. The benefits are paid to the guardian to aid in the support of the children in lieu of the deceased father's contribution. As long as the child is being properly supported by his guardian there is no authority requiring that the exact funds paid out by the government be traced into the hands of the children; and, certainly, the Social Security Administration is not required to scrutinize the precise application of these benefits.

---

[1] The court below relied on two cases (*Coy v. Folsom*, 228 F. 2d 276 (3d Cir. 1956) and *Newson vs. Social Security Board*, 70 F. Supp. 962 (Mich. 1946)) and a regulation (Department of Health, Education and Welfare, Regulation 3, Section 403.705— now Regulation 4, §§404.902; 404.903), all of which concern claimants' rights *against the government* to various benefits under the Social Security Act. No cases were relied on where, as in the present case, the government had already paid out and disclaimed the benefits.

In the present case the children were supported during the years by the personal funds of the appellants. Accordingly, we are of the opinion that the accumulated child benefits are not, and never were, the personal and exclusive property of the children and that the appellants are entitled to claim, within the framework of state law, compensation for the personal funds which they expended in providing for the children.

The decree of the court below is reversed and the case is remanded for further proceedings not inconsistent with this opinion; costs to abide the event.