## Hursh Estate.

Argued January 10, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Bernard A. Ryan, Jr.,* with him *Gordon W. Gerber, Gilbert P. High,* and *Dechert, Price & Rhoads,* and *High, Swartz, Roberts & Seidel,* for appellants.

*Joseph R. Ritchie, Jr.,* Assistant United States Attorney, with him *Drew J. T. O'Keefe,* United States Attorney, for United States of America, appellee.

OPINION BY MR. JUSTICE COHEN, March 14, 1967:

The lower court determined that, since the decedent was not initially entitled to the annuity he received under the Railroad Retirement Act of 1937, 45 U.S.C. §§228a-228y, because he was rendering compensated services to a corporation formed by him and known as Hursh Associates, Inc., the United States was entitled to recover from his estate those annuity payments under the principle of law that the Federal Government has a right to recover funds wrongfully, erroneously or illegally paid. *Albright Estate,* 404 Pa. 152, 154, 171 A. 2d 169, 170 (1961).

There is not the slightest suggestion that the decedent received these payments other than under an honest mistake nor that decedent realized that the corporate form which he had created to handle his personal business made his receipt of a government annuity improper. Still, since decedent adopted the corporate entity and undoubtedly secured the benefits therefrom in other situations, the executor cannot now

reject the corporate entity and hold it to be a mere fiction and treat the corporate activity as decedent's personal activity.

Decree affirmed at appellants' cost.

Mr. Justice ROBERTS dissents.