Dora COY, Executrix of the Estate of Frank M. Coy, Deceased,

v.

Marion B. FOLSOM, Secretary of Health, Education and Welfare.

No. 11597.

United States Court of Appeals Third Circuit.

Argued Oct. 6, 1955.

Decided Dec. 12, 1955.

Walter M. Newman, Pittsburgh, Pa. (Walker & Newman, Pittsburgh, Pa., on the brief), for appellant.

Lionel Kestenbaum, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., Melvin Richter, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

BIGGS, Chief Judge.

Frank M. Coy, who died on December 11, 1952 at the age of 78, had been a fully insured wage earner under the Social Security Act, 42 U.S.C.A. § 301 et seq.; but during his lifetime no application for old-age benefits, for which he became eligible at the age of 75, was made by him. For some eighteen months before his death, Coy suffered severely from arteriosclerosis, was confined to a nursing home and was not mentally competent or able to handle his own affairs. He had not been declared legally incompetent, however; nor was any guardian or committee appointed to handle his affairs.

After Coy's death, his widow, the plaintiff here, was appointed executrix of his estate. Mrs. Coy filed an application on behalf of her husband's estate for

his old-age benefits, retroactive to the date that Coy had become eligible therefor, a period of approximately 27 months. The claim was denied by a referee of the Appeals Council of the Social Security Administration. At that point, Mrs. Coy brought this action in the district court to review the rejection of her claim. Secretary Hobby [1] moved to dismiss the complaint on the ground that Mrs. Coy had failed to exhaust her administrative remedies, and for summary judgment. The court below granted the latter motion, holding that the applicable provisions of Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), did not permit recovery. Mrs. Coy appealed.

The pertinent statutory provisions are clear on their face. Section 202(a) of the Social Security Act, 42 U.S.C.A. § 402(a), provides that: "Every individual who—(1) is a fully insured individual * * *, (2) has attained retirement age * * *, and (3) has filed application for old-age insurance benefits, shall be entitled to an old-age insurance benefit for each month, beginning with the first month after August 1950 in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies. Such individual's old-age insurance benefit for any month shall be equal to his primary insurance amount * * * for such month."

To become eligible for the benefits, at least under the express terms of the statute, the individual seeking them must have fulfilled the conditions, the third and last being that he must have filed an application for old-age benefits. As we have said, neither Coy, nor anyone acting for him, made such an application. The executrix makes the ingenious argument that, because Coy was in fact mentally ill at the time when he became eligible for old-age benefits, the Secretary of Health, Education and Welfare must treat as done that which could and should have been done either by Coy or by someone acting for him. In advancing this view, the executrix relies largely on the law of private insurance as exemplified by such decisions as Unverzagt v. Prestera, 1940, 339 Pa. 141, 13 A.2d 46, in which conditions specified for recovery under a policy, such as proper and timely notice of loss, are held to be waived when there is an impossibility of performance. She also cites the Restatement, Contracts, § 301.[2] The executrix contends that, since neither the Act nor its legislative history demonstrate any contrary intent on the part of Congress, a contract of insurance created by the Social Security Act should be treated as if it were a private insurance contract. She points out that the Social Security Act is "a welfare measure," a remedial statute, and should be broadly construed in favor of its objectives.

■ The making of an application by an insured during his lifetime, or by some one on his behalf, is a necessary condition precedent to the creation of an obligation on the part of the United States under the statute. The intent of Congress as to this is made abundantly clear by the House Committee Report on the 1939 amendments to the Act. See H.R.Rep.No.728, 76th Cong., 1st Sess., p. 35.[3] Here there can be no vested interest in the decedent's estate to old-age

1. Marion B. Folsom, present Secretary of Health, Education and Welfare, has been substituted for the former Secretary, Oveta Culp Hobby.

2. As follows: "Impossibility that would discharge the duty to perform a promise excuses a condition if * * * (b) existence or occurrence of the condition is no material part of the exchange for the promisor's performance and the discharge of the promisor will operate as a forfeiture."

3. "These [monthly 'primary insurance'] benefits are payable to an individual for each month until his death, upon condition that he (1) is at least 65 years of age, (2) is a fully insured individual (defined in sec. 209(g)), and (3) has applied for them. Primary insurance benefits are payable beginning with the first month in which the individual becomes eligible for

benefits. We may not read an exception in the executrix's favor into the statute. It is clear that the Social Security Act has many facets completely unrelated to private insurance contracts or transactions. An examination of the whole statute demonstrates that Congress worked out a complete, yet carefully guarded, system intended to confer specific coverage for the aged under the conditions provided by the statute.[4] See Helvering v. Davis, 1937, 301 U.S. 619, 641–643, 672, 57 S.Ct. 904, 81 L.Ed. 1307; United States v. Silk, 1947, 331 U.S. 704, 710, 67 S.Ct. 1463, 91 L.Ed. 1757. Old-age benefits, as was pointed out in Social Security Board v. Nierotko, 1946, 327 U.S. 358, 364, 66 S.Ct. 637, 640, 90 L.Ed. 718, were designed to provide "for the decent support of elderly workmen who have ceased to labor" and were periodic payments in the nature of annuities.

The benefits provided for the individual by the Act were personal in nature. Such benefits cease in the month preceding the month in which he dies. Section 202(a), 42 U.S.C.A. § 402 (a). If the insured dies before reaching the age of 65, his estate has no right to any benefits even though he may be fully insured. Moreover, survivor's benefits and a lump-sum death benefit are provided by the Act. Section 202(d–i), 42 U.S.C.A. § 402(d–i). Old-age benefits are clearly intended to provide funds currently necessary to enable the insured to live.

The decision in Ewing v. Risher, 10 Cir., 1949, 176 F.2d 641, 644, correctly points out the road to be followed here. In that case the insured's widow failed to make application for a lump-sum payment of death benefits within the two-year period after her husband's death prescribed by Section 202(d, g), formerly 42 U.S.C.A. § 402(d, g), now 42 U.S.C.A. § 402(e, i), because she was not aware that she had to do so to bring herself within the terms of the statute. The Court of Appeals for the Tenth Circuit, referring to the well-established difference between a "creative right" as distinguished from a right which arises at common law, pointed out that the "creative right" is one which acquires its nature and character from the terms of the statute creating it and that, where the statute itself limits the time within which the right must be asserted, there can be no recovery unless that condition precedent be fulfilled. That principle is clearly applicable here. Having failed to fulfill the condition precedent created by the statute, Mrs. Coy cannot recover.

We have dealt with the merits of the controversy because the case on its own narrow grounds is one of original application. It is clear, however, that the executrix did not exhaust her administrative remedies. The Social Security Act directs the Administrator to make findings of fact and decisions as to the rights of persons applying for benefits. Section 205(b), 42 U.S.C.A. § 405(b). Judicial review of "any final decision of the Administrator" may be obtained in a United States District Court by a party to the administrative proceedings. Section 205(g, h), 42 U.S.C.A. § 405(g, h). Here there was never "any final decision of the Administrator". The pertinent

them, having met conditions (1) (2), and (3) above. All of such conditions may be met in a single month, or part in one month and part in another month or month.."

4. For example, Section 203(a), 42 U.S. C.A. § 403(a), limits monthly old-age benefits to a calculated maximum; Section 203(b), 42 U.S.C.A. § 403(b), permits reduction of benefits until the person covered reaches 72 (75 prior to the 1954 amendments) if his earnings exceed a calculated amount; Section 206, 42 U.S.C.A. § 406, provides that the Social Security Administrator may prescribe maximum fees for services in connection with Social Security claims and makes violation thereof a misdemeanor; Section 207, 42 U.S.C.A. § 407, makes future payments non-transferable and non-assignable and exempts them from "execution, levy, attachment, garnishment, or other legal process, or * * * the operation of any bankruptcy or insolvency law."

regulations provide that, after an initial determination as to entitlement is made by the Bureau of Old-Age and Survivors Insurance, 20 C.F.R. §§ 403.706–403.-708, a hearing may be requested before a referee designated by the chairman of the Appeals Council of the Social Security Administration. 20 C.F.R. § 403.709. Such a hearing was held in this case, and the decision was mailed to plaintiff-appellant pursuant to 20 C.F.R. § 403.709 (k) (3). Review of the referee's decision may be obtained by a request made to the Appeals Council within 30 days from the mailing of the referee's decision. 20 C. F.R. § 403.710(b). The executrix received a notice of her rights of appeal along with the referee's decision. The decision of the Appeals Council on review is the "final decision" for the purposes of judicial review under Section 205(g), 42 U.S.C.A. § 405(g). 20 C.F.R. § 403.710 (e). Here, however, the executrix never appealed to the Appeals Council.

It is well settled that a party to an administrative proceeding may not obtain judicial review of an administrative action until he has exhausted his administrative remedies. E. g., Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638. Moreover, this requires not merely initiating and participating in administrative proceedings, but "exhausting them, that is * * * pursuing them to their appropriate conclusion and, correlatively, * * * awaiting their final outcome before seeking judicial intervention." Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 767, 67 S.Ct. 1493, 1500, 91 L.Ed. 1796. The executrix failed to do so when she did not appeal the referee's decision to the Appeals Council.

The court below did not pass on the issue of whether or not the executrix had exhausted her administrative remedies. Had it done so, it would have dismissed the complaint. It did grant summary judgment in favor of the defendant. We will not put too fine a point upon the matter, however, and will affirm the judgment.