**Adele FLAMM, Administratrix of the Goods, Chattels and Credits of Minnie Berger, Deceased, Plaintiff,**

**v.**

**Abraham RIBICOFF, Secretary of Health, Education, and Welfare, Defendant.**

United States District Court
S. D. New York.
Dec. 19, 1961.

508

Arthur H. Rose, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., for defendant. Franklin G. Lehmeier, Asst. U. S. Atty., of counsel.

FREDERICK van PELT BRYAN, District Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare, denying an application for widow's insurance benefits under 42 U.S.C.A. § 402(e) for a period from May 1956 to December 1957. Since the commencement of this action the claimant Minnie Berger has died and her daughter, as administratrix of her estate, has been substituted for her as plaintiff.

All administrative remedies before the Social Security Administration have been exhausted and the action was brought within the required statutory period after the decision. Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405 (g).

On December 22, 1958 the claimant, Mrs. Berger, filed a formal written application for widow's insurance benefits. She was awarded benefits from December 1957, limited to one year prior to the filing of her application, as provided in 42 U.S.C.A. § 402(j). She then filed a request for a hearing and redetermination, claiming that she was entitled to benefits from May 1956, when she attained the age of 65. A hearing was held on March 17, 1960 before a hearing examiner for the Social Security Administration, at which claimant was represented by counsel. The hearing examiner denied the additional benefits claimed and adhered to the original award. Review of this determination was thereafter denied by the Appeals Council, the final administrative body to which claimant had recourse. The claimant then commenced this action.

Plaintiff now moves, pursuant to Rule 56, F.R.Civ.P., 28 U.S.C.A., for summary judgment, seeking to reverse the examiner's decision on the ground that it was based on erroneous conclusions of law. Both parties agree that there is no genuine issue as to any material fact. Though the Government has not formally moved for summary judgment, on the

argument of plaintiff's motion the court, with plaintiff's consent, agreed to consider that the Government has cross-moved for such relief.

The pertinent facts as found by the hearing examiner are as follows:

Claimant's husband died on September 22, 1955. On September 29, 1955 she filed an application for lump sum death payment, or, as stated in the printed portion of the form "for any Federal old-age and survivors insurance benefits payable to me under the Social Security Act as amended." The application was filed at the Fordham district office of the Social Security Administration in the Bronx where she then resided.

The application erroneously stated Mrs. Berger's date of birth to have been June 26, 1892, although, as she discovered later, her actual birth date was May 31, 1891. Under the provisions of law effective at the time of the application Mrs. Berger's benefits began at age 65 and she had not then reached that age either according to the birth date stated in the application or her actual birth date.[1]

Because of her husband's death Mrs. Berger became ill for an extended period during which she relied upon her daughter and son-in-law for the management of her affairs and lived in Mt. Vernon with them. In July 1956 her son-in-law telephoned the midtown district office of the Social Security Administration in New York City to obtain information about Mrs. Berger's eligibility for widow's benefits. At the hearing the son-in-law testified that he was told by an information clerk that Mrs. Berger might qualify for benefits but that she should not file an application until proof of requisite age was completed, because otherwise the claim would be jeopardized. Following this conversation he attempted to obtain proof of Mrs. Berger's date of birth and in May 1957 the matter was referred to an attorney to secure such proof.

In November 1958 Mrs. Berger accidentally received a telephone call, intended for a neighbor, from an employee of the Social Security office in New Rochelle. She took the opportunity to relate her difficulties to the caller and was advised to file an application for benefits at once. Because of her physical condition arrangements were made to have her application taken at home by a representative of the New Rochelle office and the written application was formally filed on December 22, 1958.

On that application the Bureau determined that her actual date of birth was May 31, 1891 instead of June 26, 1892, as she had stated in her 1955 application. Benefits were awarded to her as of December 1957 which were limited to one year prior to the date of application under 42 U.S.C.A. § 402(j).

Plaintiff asserts three grounds on which she claims that Mrs. Berger is entitled to receive benefits from May 1956, when she reached 65 years of age, rather than from December 1957, one year prior to the filing of her 1958 application.

Plaintiff claims first that the original written application filed by Mrs. Berger in September 1955 contained a request for old age and survivor's insurance benefits and that this should be regarded as a valid application establishing her rights to benefits from May 1956. However, the statute, 42 U.S.C.A. § 402(j)(2) expressly provides:

"No application for any benefit under this section for any month after August 1950 which is filed prior to three months before the first month for which the applicant becomes entitled to such benefit shall be accepted as an application for the purposes of this section * * *."

Even if the September 1955 application could be construed as an expression of intent to apply for old age and survivor's benefits to become effective when Mrs. Berger reached 65 years of

---

1. Prior to 1956 the qualifying age for survivor's benefits was 65. (70 Stat. 809.)

age, rather than merely an application for lump sum payments, this would not help her. Defendant was without power to grant old age and survivor's benefits to Mrs. Berger on that application. Disregarding the age actually stated on the application, Mrs. Berger's true age on that date was 64 years and 4 months. Thus, even when viewed most favorably to plaintiff, the application was premature since it was filed prior to three months before the first month for which she could be entitled to benefits. An application so filed could not "be accepted as an application" for the purpose of obtaining benefits under the statute. (42 U.S.C.A. § 402(j)(2)). See Magner v. Hobby, 215 F.2d 190 (2 Cir. 1954), cert. den. 348 U.S. 919, 75 S.Ct. 305, 99 L.Ed. 721; Luck v. Ewing, 84 F.Supp. 525 (D.N.J.1949).

Secondly, plaintiff claims that "misinformation" was given to Mrs. Berger's son-in-law over the telephone in July 1956 by an employee of the midtown Social Security office and that she delayed the filing of her written application until December 1958 in reliance thereon. She urges that defendant is therefore estopped by the acts of the Government employee from raising the defense of failure to comply with the statute and regulations so as to limit her benefits to one year prior to the filing of her 1958 application.

 It is by no means clear that Mrs. Berger's son-in-law was in fact misinformed by the Social Security office and that what he received from that office was not merely sound advice that the claimant should have accurate information available as to her date of birth. But even assuming that he did receive "misinformation" on which Mrs. Berger acted to her detriment, it is plain that estoppel will not lie against the Government under these circumstances. Parties dealing with the Government are charged with knowledge of and are bound by statutes and lawfully promulgated regulations despite reliance to their pecuniary detriment upon incorrect information received from Government agents or employees. Failure to comply with the applicable statute and regulations precludes recovery against the Government "no matter with what good reason" the claimant believed she had come within the requirements. Estoppel will not lie regardless of the financial hardship "resulting from innocent ignorance." Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10; Walker-Hill Co. v. United States, 162 F.2d 259 (7 Cir. 1947), cert. den. 332 U.S. 771, 68 S.Ct. 85, 92 L.Ed. 356; James v. United States, 185 F.2d 115, 22 A.L.R.2d 830 (4 Cir. 1950).

Both of the contentions which have just been discussed were raised before the hearing examiner and were properly rejected by him.

Plaintiff makes one further claim which was not raised before the hearing examiner. Citing Johnson v. Hobby, 131 F.Supp. 497 (D.R.I.1955), she urges that under § 403.701(k)(1) of the Regulations, (20 C.F.R. 403.701(k)(1), the telephone call made by her son-in-law to the Social Security office in July of 1956 amounted to an oral expression of intention on behalf of his mother-in-law to claim benefits, and that the Bureau should have made and maintained in its files a written record of the expressed intention which may be deemed a filed application as of the date it was made if a former application is later furnished and the applicant is found eligible.

Assuming that the son-in-law's telephone call could be considered as an expression of intention within the meaning of § 403.701(k)(1) of the Regulations, that section does not apply here. It was superseded as of October 8, 1955 by an amendment to Subpart G of Regulations No. 4 (20 C.F.R.Cum.Supp. 404.1 et seq., 42 U.S.C.A.Appendix) which added new Sections 404.601 through 404.615 (20 F.R. pp. 7537–7539). Under these amendments a written application is required. (20 C.F.R. §§ 404.2, 404.602, 404.613). See McNally v. Flemming, 183 F.Supp. 309 (D.N.J.1960). This contention of plaintiff is without merit also.

The plaintiff's motion for summary judgment is in all respects denied and the defendant's cross-motion for summary judgment is granted.

Judgment will be entered accordingly.

It is so ordered.