**Alice T. KURZ, Plaintiff,**

v.

**Anthony J. CELEBREZZE, as Secretary of Health, Education and Welfare of the United States, Defendant.**

No. 63–C–86.

United States District Court
E. D. New York.
Dec. 19, 1963.

Lynton, Klein, Opton & Saslow, New York City, for plaintiff; Frank G. Opton, New York City, of counsel.

Joseph P. Hoey, U. S. Atty., E. D. New York, for defendant; Leonard J. Theberge, Asst. U. S. Atty., of counsel.

BRUCHHAUSEN, District Judge.

Both the plaintiff and defendant move for summary judgment. The facts are not in dispute. The sole issue is one of law.

This action was instituted for review of a final decision of the Secretary of Health, Education and Welfare, pursuant to 42 U.S.C. 405(g).

## THE FACTS

On February 3, 1956, the plaintiff, Alice J. Kurz, filed with the Social Security Administration, hereinafter called the Administration, an application, hereinafter called the first application, for Survivor's Insurance Benefits. In the application, she stated that her husband, Paul H. Kurz, the deceased wage earner, died on January 2, 1956; that they were divorced; that two children were born of the union; that she was not living with

him at the time of his death and that he was neither contributing to her support nor under any court order to do so. On May 18, 1956 the Administration informed the plaintiff in writing that her application was denied. The pertinent portion of the determination as stated therein is as follows:

> "The Social Security Act provides that a widow must have been living with her spouse at the time of death in order to qualify for monthly benefits. A person is considered to be living with her spouse if they were living together as members of the same household, or the spouse was making regular contributions towards the person's support or had been ordered by a court of competent jurisdiction to contribute to the person's support and such order was in full force and effect at the prescribed time. Our records show that you do not meet any of these requirements. Therefore, you are not entitled to monthly benefits."

The plaintiff did not contest this determination. She made no request for reconsideration nor did she appeal.

At the time of filing the said first application, the Social Security Statute, particularly Section 402(b) (1) (C) of Title 42 U.S.C. provided that a wife was not entitled to insurance benefits unless she "was living with such individual [her husband] at the time such application was filed."

The said provision was repealed by an amendment, effective August 30, 1957.

The Administration under date of July 21, 1961 wrote the plaintiff, as follows:

> "The Social Security Act has been amended permitting payment of monthly benefits to a widow with a child in her care even though she was not living with her husband at the time of his death.

> "As you may qualify for monthly benefits, complete and return, promptly, the enclosed application."

On September 11, 1961, the plaintiff filed a second application, similar in form

to the first application filed by her in February 1956.

On October 6, 1961, the Administration ruled on the second application and awarded the plaintiff a monthly benefit of $83.30, retroactive to September 1, 1960 and paid to her at that time the sum of $1,082.90, covering the period from September 1, 1960 to October 1, 1961.

The plaintiff applied to the Administration for reconsideration of said determination. In its affirmance thereof, dated November 30, 1961, were contained the following statement:

> "Benefits may * * * be paid for as many as twelve months before the application is actually filed. * * Authority: Social Security Act * * 202(j)."

The said Section 202(j) of the Act, also known as 42 U.S.C. 402(j), cited by the Administration, provides that an application must be filed within three months before the first month for which an applicant becomes entitled to benefits accruing under the Act, indicating that an application has an effective life of only three months. The said section also authorizes the Administration to provide a twelve month retroactive period of payment, thus explaining why the plaintiff's payments became effective twelve months prior to the date of the filing of the second application.

### THE NATURE OF THE CONTROVERSY

The principal issue is whether or not the filing by the plaintiff in February 1956 of the first application entitled her to insurance benefits, commencing in September 1957.

■ The filing of an application for benefits under the Social Security Act is a condition precedent to payment thereof. 42 U.S.C. 402(b) (1); Coy v. Folsom, 3 Cir., 228 F.2d 276. The plaintiff complied with this provision by filing the first application in February 1956. A second requirement, as far as plaintiff was concerned, was that she then be living with her husband. Admittedly she was not then living with her husband. On May 18, 1956, as previously stated, the said first application was denied upon that ground. The filing of such an application initiated the proceeding to obtain Social Security benefits. Analogous thereto is an action or proceeding commenced by the filing of a petition or complaint. If the petition is denied or the complaint is dismissed, the proceeding or action is terminated.

The case of Gardner v. Ewing, D.C., 88 F.Supp. 315, affirmed in 6 Cir., 185 F.2d 781, heavily relied upon by the plaintiff is readily distinguishable. The application therein was not dismissed. It was pending, awaiting the submission of an item of formal proof, which was duly furnished.

■■ On September 1, 1957, the requirement that a wife be living with her husband at the time of his death, was deleted from the Statute, Sec. 402(b) (1), by amendment thereof, thus entitling the plaintiff to apply for benefits on or after that date. It is most unfortunate for her, that she did not become aware of the amendment of the statute until some four years later, when she filed her second application. If her plea were governed by equitable principles, she might have a plausible claim for relief. The fact is that her right to benefits is accorded her solely by statute and is conditioned upon compliance therewith.

In this connection, the statement in Flamm v. Ribicoff, D.C., 203 F.Supp. 507, is pertinent, viz.:

> "Failure to comply with the applicable statute and regulations precludes recovery against the Government 'no matter with what good reason' the claimant believed she had come within the requirements. (citing cases)."

The defendant's motion for summary judgment is granted and the plaintiff's motion for summary judgment is denied.

This opinion constitutes the findings of fact and conclusions of law.

Settle order and judgment on notice.