Isaac I. BENDER, Plaintiff-Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 14434.

United States Court of Appeals Seventh Circuit.

May 19, 1964.

Isaac I. Bender, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Thomas W. James, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., of counsel, for appellee.

Before KNOCH, KILEY and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Isaac I. Bender, an attorney who appeared pro se, sought review in the United States District Court, pursuant to the provisions of 42 U.S.C. § 405(g), of the final decision rendered by the defendant, the Secretary of Health, Education and Welfare, that plaintiff was not entitled to the old age insurance benefits for which he applied in December, 1960.

Initially the Bureau of Old Age and Survivors Insurance issued an award dated February 8, 1961, authorizing a check in the amount of $231 to be issued to plaintiff, representing $33 per month beginning July, 1960. The certificate of award included the statement:

"Since you have not submitted the proof we requested of your self-employment income for 1957, we could not include it in figuring your benefit amount."

Plaintiff had filed his income tax return for 1957 showing self-employment income of $245.51, with which the Internal Revenue Department subsequently agreed, after audit. Early in January, 1961, after making application for benefits, but before he received the notification of February 8, 1961, and pursuant to his intention announced when making his application for benefits, plaintiff filed an amended income tax return for 1957 showing his self-employment income of $245.51, as previously reported, plus an additional sum of $235.60 to make a total sum of $481.11.

When plaintiff received the award notice described above, he asked for reconsideration. The Reconsideration Determination, dated May 4, 1961, stated in part:

"Subsequently, it was determined that since he did not acquire his 16th and qualifying quarter, nec-

essary for insured status, until the last quarter of 1960, on the basis of his recorded creditable earnings, the first month of entitlement should have been October, 1960 and therefore his monthly benefit had been erroneously started as of July, 1960 instead of October, 1960. \* \* \*

"The issue in this case is what is the first month of the claimant's entitlement to old age insurance benefits. Resolution of this issue depends upon the amount, if any of his self-employment income for 1957. \* \*

"On the basis of Mr. Bender's earnings record as established and maintained in the Bureau it is determined that he acquired his 16th and qualifying quarter required by law for a fully insured status in the last calendar quarter of the year 1960. Therefore, the first month of his entitlement to old age benefits is October, 1960, which is the earliest month in which he met all three of the requirements for entitlement under law, that is he had attained age 65, had acquired a fully insured status and had filed an effective application."

Notice of the amended 1957 return was not sent to defendant's office by the Internal Revenue Service until May 23, 1961. In his appeal to the hearing examiner on July 13, 1961, plaintiff sought consideration only of the matter of self-employment income for 1957. In filing the notice of hearing on August 4, 1961, the hearing examiner called for production of plaintiff's books and records for 1957, 1959 and 1960.

The hearing examiner determined that the effective date of the application was December 20, 1960; that plaintiff's net earnings from self-employment in 1957 were less than the required $400; and, when plaintiff refused to produce records for the 1959 and 1960, that there was no self-employment income in those years. Plaintiff concedes that there was none in 1958.

The District Court disposed of this case on defendant's motion for summary judgment, there being no genuine issue as to any material fact.

The District Court held that regardless of any assurances or statements to the contrary by employees of defendant, § 404.613 of Regulations No. 4 (20 C.F.R.) explicitly required a written statement of intention to claim benefits.

Under these circumstances, the District Judge found no abuse of discretion in the hearing examiner's refusal of plaintiff's request for subpoenas to various employees of defendant to prove prior conversations, inquiries and assurances of an earlier effective date. He found substantial evidence to support the finding that the first written application was that made in December, 1960. We agree.

Plaintiff considers defendant to be bound by the initial notice of award which was confirmed by the reconsideration. He feels that the issue of effective date was finally determined because plaintiff did not question determination of the effective date made in the award. The notice of hearing dated August 4, 1961, however, lists the issue to be determined as:

"whether the claimant is entitled to an old-age insurance benefit for any month before October, 1960."

and the issues of fact on which findings will be made as:

"whether claimant acquired 16 or more quarters of coverage, attained the age of 65 years and filed an application for old-age insurance benefits before October 1, 1960; whether claimant had net earnings from self-employment of $400 or more in each of the years which ended December 31, 1957; December 31, 1958; December 31, 1959 and December 31, 1960."

■ The Social Security Act, 42 U.S. C. § 402(a) makes the filing of an application a substantive condition precedent to entitlement to benefits. Medalia v. Folsom, D.C., Mass., 1955, 135 F.Supp. 19; McNally v. Flemming, D.C., N.J., 1960, 183 F.Supp. 309; Coy v. Folsom,

3 Cir., 1955, 228 F.2d 276. There is only one written statement of application here which meets the standards of the Act, and that is the application made in December, 1960.

The District Court also found substantial evidence in the record to support the finding respecting income for 1957. The issue turned on one disputed item evidenced in plaintiff's check book by an entry at the foot of a page of check stubs on the reverse side of a stub:

"Note—Cash fees $235.60— Income tax fees."

The first entry at the top of that page is dated April 8, 1957.

Plaintiff explains that he overlooked this entry in making out his initial income tax returns and discovered it only later in rechecking his records after the audit made by the Internal Revenue Service.

In evaluating this evidence, the hearing examiner considered, in addition to the demeanor, etc., of the plaintiff when he testified in his own behalf, the following circumstances: This item, the only one in blue ink, was placed alone at the foot of a page which had five other entries, grouped together at the top of the page, which totaled $6,156.85 without including the disputed item. The figure $6,156.85 appears on the back of the subsequent page of check stubs as the total receipt posted to date. Plaintiff's testimony was that the entry represented accumulated income tax fees paid him in cash by four or five lawyers and certified public accountants. He states that this cash was never deposited in his bank and hence was not included with the other items which were so deposited. On the last page of the check stubs on what appears to be a work sheet is a notation:

"Income Tax Fees not included 235.60"

■ We are constrained to agree with the District Judge that:

"While on the one hand the income tax returns for that year would have established income in excess of $400, on the other hand an independent Internal Revenue audit conducted prior to the filing of the amended return did not reveal the $235.60 entry, which certainly was plain enough for any one to see. For this reason, as well as the others set out in the hearing examiner's opinion, including the particular circumstances attending the $235.60 entry which would cause any reasonable man to question the validity thereof, the hearing officer's determination in this regard is supported by substantial evidence."

and

"It is to be noted that under the Social Security Act the actual receipt of such income is the crucial test, not the reporting thereof nor the payment of taxes on the amount so reported.

"Furthermore, when the exceedingly broad powers and discretion bestowed upon the Secretary by subparagraphs (a), (b), and (c) of Section 405 are considered, it is clear that the Secretary is not limited to investigating and hearing only those matters which are called to his attention by the claimant."

■ With respect to 1959 and 1960, however, the defendant's own records make out a prima facie case for plaintiff. No circumstance has been cited to warrant a demand for additional proof. Plaintiff merely refused to produce his books for those years. As the District Judge suggested, he may have failed to prosecute his claim, but such failure does not justify an affirmative finding that he had no self-employment income in 1959 or 1960. Accordingly, the District Judge remanded that aspect of the case to the Secretary to modify his findings with respect thereto, and

"* * * for the purpose of affording plaintiff an opportunity to further establish his income for the years 1959 and '60 if findings are made that evidence in addition to that contained in the Secretary's records is necessary to the proof of the claim."

The Secretary has not appealed that ruling.

 Plaintiff's petition for a rule on the Secretary to forward a complete record was denied because, assuming the record were modified as requested by plaintiff, there would still be nothing before the District Judge to alter his decision. We are of the same opinion.

We have considered with care all other points and authorities to which the plaintiff has invited our attention. Only limited review has been provided by Congress. The findings of the Secretary as to any fact, if supported by substantial evidence are conclusive. 42 U.S.C. § 405(g).

The decision of the District Court is affirmed.

Affirmed.