Lathan H. TUCK, Appellant,

v.

Robert H. FINCH, Secretary of Health,
Education and Welfare, Appellee.

No. 14121.

United States Court of Appeals,
Fourth Circuit.

Argued July 21, 1970.

Decided July 30, 1970.

Claude D. Carter, for appellant.

Birg E. Sergent, Asst. U. S. Atty.
(Leigh B. Hanes, Jr., U. S. Atty. for
the Western District of Virginia, on the
brief), for appellee.

Before HAYNSWORTH, Chief Judge,
and WINTER and BUTZNER, Circuit
Judges.

BUTZNER, Circuit Judge:

Lathan H. Tuck seeks to reverse a
summary judgment which sustained the
decision of the Secretary of Health, Ed-
ucation and Welfare denying him dis-
ability payments. The only question of
substance is whether Tuck made timely
application for these payments. Since
we conclude that he did, we vacate the
judgment of the district court and re-
mand the case for further proceedings
before the Secretary.

In February 1965, Tuck visited the
Lynchburg, Virginia, office of the Social
Security Administration to inquire
about receiving Social Security disabili-
ty benefits. He cannot read or write ex-
cept to sign his name, and he filed no
written application. Two months later
the district manager informed Tuck that
he had not worked the requisite 20 quar-
ters during the 40 quarters preceding
the disability, as required by §§ 216(i)
and 223(c) of the Social Security Act
[42 U.S.C. §§ 416(i) and 423(c)]. Tuck
again discussed his coverage with an of-
ficial of the Social Security Administra-
tion, and on June 10, 1965, he filed an
amended tax return for 1961. In his
original 1961 tax return, which Tuck had
timely filed, he reported self-employment

of $398.65, which was $1.35 less than the amount necessary to qualify for four quarters of coverage. His amended return showed self-employment income of $752.43. Tuck later made formal application for benefits.

The Social Security Act provides that ordinarily the absence of an entry in the Secretary's records as to self-employment income in a taxable year shall be conclusive unless the taxpayer filed a return of his self-employment income within three years, three months, and fifteen days after the year the income was earned. However, the Act allows the Secretary to include in his records any omitted items of self-employment income if an application for monthly benefits is filed within the time limitation, or the Secretary may conform his records to a tax return filed within the limitation period.*

Tuck admittedly has 16 quarters of coverage. He contends that a redetermination of his self-employment income from farming and sawmilling for 1961 will establish that he has 20 quarters of coverage. The Secretary, however, did not consider the sufficiency of Tuck's evidence because Tuck had not filed his amended tax return within three years, three months, and fifteen days from December 31, 1961. Tuck claims that his application for monthly benefits in February 1965 was sufficient to toll the time limitation.

It is clear that Tuck did not file an amended tax return showing sufficient self-employment income to qualify for coverage until more than three years, three months, and fifteen days after December 31, 1961, the tax year in question. However, § 205(c)(5) of the Act is written in the disjunctive. Therefore, since Tuck filed a timely return showing some self-employment income, the Secretary may include in his records any omitted item of self-employment income if Tuck filed an application for monthly benefits within the time limitation. Tuck's inquiry about benefits in February 1965 falls within the three year, three month, and fifteen day limitation.

---

* Section 205 of the Act [42 U.S.C. § 405] provides in part:

"(c) (1) For the purposes of this subsection—

* * *

(B) The term 'time limitation' means a period of three years, three months, and fifteen days.

* * *

(4) * * * After the expiration of the time limitation following any year—

* * *

(C) the absence of an entry in the Secretary's records as to the self-employment income alleged to have been derived by an individual in such year shall be conclusive for the purposes of this subchapter that no such alleged self-employment income was derived by such individual in such year unless it is shown that he filed a tax return of his self-employment income for such year before the expiration of the time limitation following such year, in which case the Secretary shall include in his records the self-employment income of such individual for such year.

(5) After the expiration of the time limitation following any year in which wages were paid or alleged to have been paid to, or self-employment income was derived or alleged to have been derived by, an individual, the Secretary may change or delete any entry with respect to wages or self-employment income in his records of such year for such individual or include in his records of such year for such individual any omitted item of wages or self-employment income but only—

(A) if an application for monthly benefits or for a lump-sum death payment was filed within the time limitation following such year; except that no such change, deletion, or inclusion may be made pursuant to this subparagraph after a final decision upon the application for monthly benefits or lump-sum death payment;

* * *

(F) to conform his records to—

(i) tax returns or portions thereof

* * *;

* * *

except that no amount of self-employment income of an individual for any taxable year (if such return or statement was filed after the expiration of the time limitation following the taxable year) shall be included in the Secretary's records pursuant to this subparagraph * * *."

Thus, the crucial question is whether his unwritten informal application made at that time satisfies the statute.

The Secretary has prescribed application forms for disability insurance benefits. 20 C.F.R. §§ 422.501 and .505. Ordinarily an application made on the form will conclusively establish the date it was filed. Use of a form, however, does not appear to be mandatory, and its absence does not conclusively establish that no application was made, especially when the applicant is illiterate. Here the Secretary's own records affirmatively show that in February 1965, Tuck "asked about receiving Social Security benefits" and that an official of the Social Security Administration discussed his application with him. While a written application might be expected from a literate person, an illiterate often can do little other than make an oral request to the official to whom he has been referred.

In Ray v. Gardner, 387 F.2d 162, 164 (4th Cir. 1967), sustaining a finding of the district court that a claim for disability benefits had not been filed, we pointed out that the records of the Social Security Administration contained no notation or record of the receipt or filing of the claim. Under these circumstances the district judge was not bound to accept the unsubstantiated testimony of the claimant to the contrary. Here, however, the Secretary's records corroborate Tuck's claim that he applied for disability benefits in February 1965.

We hold, therefore, that Tuck's oral request for benefits and the records of the Secretary establish that in February 1965 Tuck made an application for monthly benefits. Therefore, under § 205(c) (5) (A) of the Act, the Secretary may change his records so they will correctly reflect the number of quarters of coverage to which Tuck is entitled.

The judgment of the district court is vacated and this case is remanded with directions to remand it to the Secretary so he may determine whether Tuck had an income of at least $400 from self-employment in 1961, and if so, whether he is entitled to disability benefits.

Vacated and remanded.