Clarence **PARKER**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare.**

**Civ. A. No. 2216.**

United States District Court,
N. D. Georgia,
Rome Division.

Feb. 23, 1971.

William I. Aynes, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U. S. Atty., Julian M. Longley, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

This is an action brought by a disabled plaintiff requesting judicial relief via review of an administrative decision from within the Social Security Administration and finalized by the Secretary of HEW. It is brought against the Secretary pursuant to 42 U.S.C.A. § 405(g).

Plaintiff attempted to secure disability benefits from the Social Security as far back as 1957, according to his testimony in the hearing before an Administration Examiner. However, it appears that he did not file an application in any form until March 5, 1968. Benefits were denied by the Secretary of HEW for the years preceding March 5, 1967, even though his disability was found to have originated in 1957. Benefits may be made retroactive one year from date of application under 42 U.S.C.A. § 423(f). This "final decision" of the Secretary may be reviewed in this Court under 42 U.S.C.A. § 405(g).

After the joining of issues, defendant filed a motion for summary judgment. There is no issue as to any fact, except for the controversies (1) as to whether plaintiff made oral application for benefits beginning with 1957 and continuing in 1958 and 1966; and, (2) whether an oral application is an application under 42 U.S.C.A. § 401 et seq.

The question for the Court is, is plaintiff entitled to the payment of disability insurance benefits for any months prior to March 1967 based upon his allegation that he attempted to file disability applications prior to March 5, 1968?

Plaintiff alleges that he attempted in 1957 to make application for benefits, but was denied. He did not file a written application on a prescribed form, nor did he give written notice of his desire to obtain benefits. In fact, no written statement or request was presented to the local office in Cartersville, Georgia, where he inquired.

No written statement, notice, or application was presented or filed in 1958 or 1966 when he again inquired about his rights.

After advice from counsel, plaintiff made written application for disability benefits with the Social Security office in Cartersville. On May 14, 1968, the claim was denied. On June 3, 1968, through counsel, he made a request for reconsideration. That request which was directed to the Director of the Division of Reconsideration of the Social Security Administration was denied on July 16, 1969. On July 21, 1969, he demanded a hearing before an Examiner of the Bureau of Hearings and Appeals of the Administration. A transcript of that hearing was made and, in accordance with 42 U.S.C.A. § 405(g), is filed in this cause by defendant.

Plaintiff presented uncontradicted testimony by two witnesses that he appeared at the local Social Security Office in early 1957 and early 1966. The former witness indicated plaintiff was told "nothing could be done," upon his inquiry.

Nevertheless, plaintiff could not establish having filed a written application for disability payments with the local office. Obviously, the presonnel manning the local office had no records of any records of any written statement.

The Examiner was obliged to deny plaintiff's claim on October 30, 1969 because there had been no application filed prior to March 5, 1968.

Timely appeal to the Appeals Council of the Administration was made and benefits were again denied on May 12, 1970. The Appeals Council by letter dated May 12, 1970 notified plaintiff that the Hearing Examiner's decision was to stand as the final decision of the Secretary in plaintiff's case from which he might proceed to judicial review under 42 U.S.C.A. § 405(g).

There are no controverted facts in this case. The only questions before the court are whether plaintiff filed an application prior to March 5, 1968, and if

not, did the oral request to do so amount to an application under the law governing this subject?

■ As to the first issue the facts are uncontroverted by either party. Plaintiff apparently approached the local officials several times about social security benefits, but did not file a written application. It appears that he might have been given wrong information, but there is no charge that he was not allowed to file an application. Therefore, the Court must find that there is no genuine issue as to those facts and the Court determines the first issue in the negative. Section 423(a) (1) provides that in order for an individual to be entitled to disability benefits he must file an application for the benefits. The fact that no such claim was to be found in the records of the Social Security Administration and that there was no record of the receipt or filing of any such claim, furnishes substantial, if not conclusive, evidence in support of the Examiner's finding. Ray v. Gardner, C.A., 4th Cir., 1967, 387 F.2d 162.

The Examiner having determined that no application was filed prior to March 5, 1968, the Court must follow this determination, for this Court's jurisdiction to review a final decision of the Secretary of HEW is limited and the findings of the Secretary as to any fact are conclusive if supported by substantial evidence, Gaddis v. Cohen, D.C., M.D., Ga., 1968, 295 F.Supp. 1329; Kersey v. Gardner, D.C., M.D., Ga., 1967, 264 F. Supp. 887. Cf. Merrell v. Gardner, C.A. 5th Cir., Ga., 1968, 397 F.2d 65.

■ Secondly, we must also rule in the negative. The applicant for benefits must file his application as stated above. Moreover, the Courts have ruled that this is a condition precedent to payment of Social Security benefits. Bender v. Celebrezze, 7th Cir., 1964, 332 F.2d 113; Coy v. Folsom, 3rd Cir., 1955, 228 F.2d 276; Emerson v. Celebrezze, D.C., M.D., Ga., 1965, unofficially reported in CCH, UIR Fed.Para. No. 14,237, which is closely analogous to the instant case.

In examining the regulations promulgated by the Secretary of Health, Education, and Welfare, the Court refers to pertinent provisions in 20 C.F.R. § 404.-601 et seq. Under § 404.601 it is required that an individual file an application on a form prescribed by the Administration. Section 404.607(b) provides for benefits retroactive for one year from the date of filing. Section 404.608 sets out the guideline that a written statement, request, notice or application is deemed "a filing," but only on the date it is received by the local office. In addition, such a statement must be reduced to the prescribed form within certain periods for it to be effective.

In the correspondence filed as a part of the transcript, counsel for plaintiff argues that even if plaintiff is prohibited by statute or regulation from recovering benefits for prior periods, the Administration should exercise equitable principles to give effect to the intended purposes of the Social Security Act. However, the Court, while sympathizing with plaintiff, is unable to go further than the law allows.

Dealing with circumstances much akin to the present case, the Court in Flamm v. Ribicoff, D.C., N.Y., 1961, 203 F. Supp. 507, stated that even assuming the plaintiff in that case received misinformation on which she acted to her detriment, it was plain that estoppel would not operate against the Government. The Court ruled that, "Parties dealing with the Government are charged with knowledge of and are bound by statutes and lawfully promulgated regulations despite reliance to their pecuniary detriment upon incorrect information received from Government agents or employees. Failure to comply with the applicable statute and regulations precludes recovery against the Government 'no matter with what good reason' the claimant believed she had come within the requirements. Estoppel will not lie regardless of the financial hardship 'resulting from innocent ignorance.'" Ibid., page 510.

The same comparison was made in Emerson v. Celebrezze, *supra,* yet on facts more favorable to the claimant.

In conclusion, the Court finds no genuine issue as to any material fact and no genuine issue as to the applicable law. Plaintiff did not comply with the statute and regulations and under the same he is precluded from recovering benefits for prior periods since he did not file an application. Oral inquiry or request for filing, without other action in writing is insufficient.

The Court grants the Motion for Summary Judgment in favor of the Government.