**William J. BROWN**

v.

**Elliot L. RICHARDSON.**

**Civ. A. No. 72-1021.**

United States District Court,
W. D. Pennsylvania.

July 12, 1973.

Joseph E. Schmitt, Pittsburgh, Pa., for plaintiff.

Richard L. Thornberg, Pittsburgh, Pa., for defendant.

OPINION AND ORDER

GOURLEY, District Judge.

This is a complaint filed pursuant to the Social Security Act, 42 U.S.C.A. § 405(g), to review the final determination that plaintiff was not entitled to either widower's insurance benefits or a lump-sum death benefit as a result of the death of his wife, Evangeline Brown. The immediate matter before the Court is defendant's motion to dismiss.

The Court has reviewed the briefs of counsel and the affidavit attached to defendant's motion. Based thereon, it must be concluded that said motion should be granted.

It appears from the affidavit of H. Dale Cook, Chairman of the Appeals Council and Director of the Bureau of Hearings and Appeals for the Social Security Administration, that no final decision made after a hearing to which plaintiff was a party has been rendered. There has been a determination, however, that plaintiff did not timely file a request for an administrative hearing, and that he has failed to timely exhaust his administrative remedies.

Plaintiff filed a claim which was denied on or about May 5, 1970,[1] and timely requested a reconsideration thereof which was likewise denied on March 17,

---

1. Although there is some discrepancy over the date of the initial denial of benefits (February 14, 1970, as compared to May 5, 1970), the critical period is the date of the reconsidered determination, March 17, 1971. A request for a hearing had to be filed six months from this date.

1971. Thereafter, a subsequent request by plaintiff to reopen his case was denied on July 30, 1971, at which time he was advised that he had six months from March 17, 1971, or until September 17, 1971, to request a hearing. No such request was made until April 11, 1972, more than twelve months after the prior determination.

 Under the circumstances, this Court lacks jurisdiction to proceed. The Social Security Act, 42 U.S.C.A. § 405(g) makes it clear that judicial review is available only where there has been a final decision of defendant subsequent to a hearing before a hearing examiner. Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954). The failure to timely exhaust administrative remedies is fatal to this Court's jurisdiction. Coy v. Folsom, 228 F.2d 276 (3d Cir. 1955). Accordingly, defendant's motion should be granted.