**Patrick A. SWEENEY, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
**Defendant.**

**No. 73 C 90.**

United States District Court,
E. D. New York.

June 25, 1974.

16. *Id.* at H9926 (emphasis added).

Patrick A. Sweeney, pro se.

David G. Trager, U. S. Atty., E. D. N. Y., for defendant by Howard J. Stechel, Asst. U. S. Atty.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff seeks review of a final decision of the defendant Secretary of Health, Education and Welfare ("H.E. W.") which denied in part plaintiff's application for a period of disability under § 216(i) of the Social Security Act ("the Act"), 42 U.S.C. § 416(i), and for disability insurance benefits under § 223(a) of the Act, 42 U.S.C. § 423(a). Defendant has moved for judgment on the pleadings on the basis of the certified administrative record and plaintiff has similarly cross-moved.

The facts and history of this case, and even the factual inferences to be drawn therefrom, are not in dispute. Plaintiff, an attorney, suffered various bone fractures in an automobile accident on January 9, 1969, and did not return to work until February 1970. His application was not filed, however, until January 21, 1971. Official Transcript at 37 (hereinafter "Tr. ——"). On April 2, 1971, the application was granted by the Bureau of Disability Insurance, Social Security Administration ("S.S.A.") (Tr. 38–39), but only for a closed period of disability of three months beginning in January 1970. Plaintiff thereafter requested reconsideration of his award, alleging his belief that he was entitled to an award covering July-December, 1969. Tr. 40–41. He alleged (1) that during almost all of 1969 he was confined to the hospital or in a cast and hence was unable to apply for benefits; (2) that he was unaware of disability benefits until advertised on television; and (3) that when he did apply, he was discouraged by the interviewer from making a claim. The Bureau of Disability Insurance, in its reconsideration, determined that the prior decision was correct, citing § 223 of the Act, 42 U.S.C. § 423. Tr. 42–44.[1]

Thereafter, on November 18, 1971, plaintiff filed a Request for Hearing before the Bureau of Hearings and Appeals, S.S.A., and a hearing was held before an administrative law judge on September 21, 1972. The judge determined that a "substantive condition precedent" to the granting of benefits is the filing of an application, § 223(a)(1)(C) of the Act, 42 U.S.C. § 423(a)(1)(C). Tr. 9. Finding a clear congressional intent to limit the payment of retroactive benefits in § 223(b) of the Act, 42 U.S.C. § 423(b), he rejected plaintiff's arguments that he was physically unable to apply for benefits and that the benefits were inadequately publicized. His conclusion was that even though plaintiff would have otherwise been entitled to benefits for the period July-December 1969, the filing of his application more than 12 months thereafter precluded an additional award as a matter of law. Tr. 9–11.

Plaintiff's request for review of the administrative law judge's decision was timely filed, and on November 22, 1972, the Appeals Council, Bureau of Hearings

---

1. Section 223 provides, where pertinent:

"(a) (1) Every individual who—

(A) is insured for disability insurance benefits (as determined under subsection (c)(1) of this section),

(B) has not attained the age of sixty-five,

(C) has filed application for disability insurance benefits, and

(D) is under a disability (as defined in subsection (d) of this section), shall be entitled to a disability insurance benefit . . .

"(b) . . . An individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such months shall be entitled to such benefit for such month if such application is filed before the end of the 12th month immediately succeeding such month."

and Appeals, found the decision of the judge to be correct, denied review, and left his decision standing as the final decision of the Secretary. 20 C.F.R. § 404.940.

Plaintiff timely filed this action on January 17, 1973, in substance alleging that the Secretary's decision was erroneous as a matter of law. Thereafter the instant motions were filed, and the matter submitted for decision February 15, 1974. The court has reviewed each of the four points raised by plaintiff on appeal and has concluded that they are without merit and that the decision of the Secretary must be affirmed. Plaintiff's claims are treated seriatim.

## I.

In his decision, the administrative law judge cites several cases in support of his conclusion that plaintiff, as a matter of law, is not entitled to a retroactivity period greater than the twelve months prescribed in § 223(b). Ewing v. Risher, 176 F.2d 641, 644 (10 Cir. 1949); Bender v. Celebrezze, 332 F.2d 113 (7 Cir. 1964); Flamm v. Ribicoff, 203 F. Supp. 507 (S.D.N.Y.1961); Kurz v. Celebreeze, 225 F.Supp. 528, 530 (E.D.N. Y.1963). To those defendant's brief added Coy v. Folsom, 228 F.2d 276 (3 Cir. 1955); Taylor v. Flemming, 186 F. Supp. 280 (W.D.Ark.1960).

Essentially it is plaintiff's first point that all these cases are not in point, easily distinguishable, and that, to the extent they hold that strict compliance with the Act precludes the use of equitable principles to govern its interpretation, they are "contrary to the prevailing view that the Social Security Act should be liberally construed. Collins v. Celebrezze, [D.C.] 250 F.Supp. 37; Morris v. Celebrezze, 238 F.Supp. 717 (D.C. N.Y., 1965); Stewart v. Cohen, 309 F. Supp. 949 (D.C.N.Y., 1970)." Plaintiff's Memorandum of Law 5–6.

Plaintiff's second point is an elaboration of the first, that § 223 requires a liberal interpretation, and he points to cases which "are at least precedent for this court to construe the statute truly liberally." *Id.* at 6, citing Tuck v. Finch, 430 F.2d 1075 (4 Cir. 1970); Dean v. Flemming, 180 F.Supp. 553 (E.D.Ky. 1959); and Phillips v. Consolidation Coal Company, 325 F.Supp. 1015 (E.D.Tenn. 1970), aff'd, 443 F.2d 62 (6 Cir. 1971).

While plaintiff is technically correct in his review of the cases cited by the defendant, to the effect that none of them arose under an application for disability insurance benefits or a period of disability, it by no means follows that their learning may be readily ignored by a mere reference to the principle of liberal construction. The word "construction" itself implies, in this context, the resolution of an ambiguity, and the liberal construction rule means nothing more or less than that real ambiguities in the meaning of the Act should, as a general rule, be decided in favor of the claimant. Where, however, there can be no doubt as to the import of the statutory requirements, there is no room for "construction," be it liberal or otherwise. *See* Ewing v. Risher, *supra*, 176 F.2d at 644; Taylor v. Flemming, *supra*, 186 F.Supp. at 283–284; Donnelly v. Gardner, 286 F.Supp. 288, 289 (W.D. Wis.1968).

While the court is mindful of the fact that the cases heretofore cited arose in connection with other time periods under the Act, we are of the opinion that the administrative law judge's straightforward application of the literal statutory requirements of § 223(b) to this case, without regard to equitable considerations, was correct. Other courts have applied those precedents to § 223(b) and reached the same result. Parker v. Finch, 327 F.Supp. 193 (N.D. Ga.1971); Tillman v. Richardson, CCH Unemp.Ins.Rep. ¶ 16,966 (M.D.Ala. Nov. 19, 1971). Further, cases arising under § 202(a), whose structure is very close to that of § 223(a), have concluded that it was Congress' intent that the filing of an application be a condition precedent to payment of benefits. Bender v. Celebrezze, *supra*, 332 F.2d at 115–116; Coy v. Folsom, *supra*, 228 F. 2d at 278–279. *See* McNally v. Flem-

ming, 183 F.Supp. 309, 313 (D.N.J. 1960).

Moreover, there seems no doubt that equitable considerations are irrelevant. In Flamm v. Ribicoff, *supra*, it was held that

> Parties dealing with the Government are charged with knowledge of and are bound by statutes and lawfully promulgated regulations despite reliance to their pecuniary detriment upon incorrect information received from Government agents or employees. Failure to comply with the applicable statute and regulations precludes recovery against the Government "no matter with what good reason" the claimant believed she had come within the requirements. 203 F.Supp. at 510.

Thereafter the court rejected the argument that the government was estopped from raising the defense of failure to comply with a different time limitation period, even accepting the contention advanced that it was the government's own misinformation that caused the untimely filing. *Id. See also* Medalia v. Folsom, 135 F.Supp. 19, 21 (D.Mass.1955). Late filings have also not been excused where the claimant was illiterate or incompetent. *See* CCH Unemp.Ins.Rep. ¶ 12,555. It would seem to follow, *a fortiori* from such results, that an allegation of ignorance is also no excuse. *See* Kurz v. Celebrezze, *supra*, 225 F.Supp. at 530.

Against these authorities, plaintiff's cases stir precious little controversy. Dean v. Flemming, *supra*, a case which reversed the Secretary for lack of substantial evidence on the claimant's employability, added in passing that

> [t]he Congress in enacting this legislation did not intend that it should be impossible for a person to bring himself within its terms. and have the benefits which prompted its enactment. 180 F.Supp. at 556.

Aside from the fact that the considerations prompting that dictum were totally different from those present here, it was by no means "impossible" for this plaintiff to comply with the Act. The medical evidence amply supports the conclusion that plaintiff returned to work almost a year before he applied for benefits. Had he filed promptly upon his return to work, he would have obtained benefits for the period for which he now seeks them. Even if he were physically incapacitated from filing, the regulations permit execution of the application by another. 20 C.F.R. § 404.603(e).

Tuck v. Finch, *supra*, is also of little help. That case did not deal with the timeliness of an application but whether an unwritten, informal inquiry about benefits by an illiterate claimant could amount to an "application" within the meaning of § 205(c)(5)(A) of the Act. The court, in finding for the claimant, held that despite the fact that prescribed application forms would ordinarily conclusively establish the date of application, the absence of such forms "does not conclusively establish that no application was made," when the Secretary's records confirm an oral inquiry was made. 430 F.2d at 1077. This construction of the statute, quite "liberal" when measured against other cases which have refused to qualify oral applications, CCH Unemp.Ins.Rep. ¶ 12,555.123, involved the type of ambiguity which lends itself to a constructional process favorable to the claimant. The point here, of course, is that no such ambiguity exists in this case. There is no doubt about the dates of plaintiff's disability or of the time of the filing of his application. We can no more change the simple fact of the date of application here by "constructively" pre-dating it then we can change the plain requirement of the law.

Finally plaintiff's citation to Phillips v. Consolidation Coal Company, *supra*, is wholly inapposite. That case found a statute of limitations in the Tennessee Workmen's Compensation Law inapplicable because of a factual finding that made the limitation period inapplicable as a matter of law, not equity. 325 F. Supp. at 1018. Our review of the au-

thorities produces no cases any more cogent than plaintiff's, and it is the court's conclusion that plaintiff's contention is wholly without merit.

## II.

Plaintiff next contends that the Secretary's decision was erroneous in that his wife and children were not considered and an additional award given them. Plaintiff correctly points out that proof of his claim results in a package of benefits to his immediate family. Hopkins v. Cohen, 390 U.S. 530, 534, 88 S.Ct. 1146, 20 L.Ed.2d 87 (1968). In that case the Court noted that the benefits of the wife and child, under §§ 202(b)(2) and 202(d)(2), depend on the benefit to which the disabled claimant is entitled. Thus, while recognizing that the Act recognizes "an intimate relationship between the varying amounts of benefits due the disabled claimant and his dependents," *id.* at 532, the conclusion is inescapable that such benefits are derived from the plaintiff's entitlement, and benefits to them must be limited accordingly. The transcript suggests such benefits were granted (Tr. 38–39) as does plaintiff's memorandum of law (at 8), although review of those awards is not presently before the court. Hence, plaintiff's claim in that respect is without merit.

## III.

Lastly, plaintiff claims that judgment should be granted in his favor because of defendant's admission in the pleadings that it arbitrarily denied him six months' benefits from July 1970 [sic 1969] through January 1970 "because of a filing date without any consideration of plaintiff's circumstances." (Plaintiff's Complaint, ¶ 16; the admission is in the first paragraph of Defendant's Answer.)

Such an admission is plainly consistent with the foregoing. The court's decision is on a question of law and does not turn on the court's evaluation of plaintiff's equitable arguments concerning incapacity, lack of publicity, or his

treatment by social security interviewers at the time he filed his application. The lack of substance to his equitable claims, at least as noted above, only underscores the wisdom of heeding unambiguous statutory requirements.

There being no merit to plaintiff's appeal and the Secretary's decision being supported by substantial evidence and in conformity with the applicable provisions of the Act, defendant's motion for judgment on the pleadings must be granted and plaintiff's cross motion denied.

So ordered.