■ THOMAS HABERBUSH, Appellant, v D. LOUIS CHRISTENSEN et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered June 17, 1983 in Schenectady County, which granted defendants' motion to dismiss the complaint. ¶ Plaintiff was hired as a teacher by defendant Saratoga Springs City School District in 1967 and granted tenure in 1970. For quite some time prior to August of 1974, the school administration received a number of complaints reflecting upon plaintiff's professional competence. As a consequence he was removed from his position as a permanent classroom instructor and assigned as a district-wide substitute. The reason for the change, as stated by defendants, was to allow evaluations of plaintiff's professional competence by a number of supervisors. ¶ In May of 1975, plaintiff commenced a grievance proceeding, pursuant to the applicable collective bargaining agreement, seeking, among other things, reinstatement to his former position or one similar thereto. During the pendency of that proceeding and after the school board had decided to commence a proceeding to remove plaintiff as a tenured teacher, an oral agreement was reached. In consideration of plaintiff's resignation as a tenured teacher, the board agree to appoint him as an administrative intern. Plaintiff now contends that the agreement should be avoided because his resignation was the result of fraud and duress on the part of defendants. ¶ On August 23, 1976, plaintiff commenced this action in which, in 74 paragraphs, he has alleged four causes of action. The first cause of action sought to set aside the agreement and restore him to his prior permanent teaching position; the second was for essentially the same relief; the third for money damages for breach of contract in removing him from his original assignment and reassigning him as a permanent substitute; and the fourth for compensatory and punitive damages, against defendant D. Louis Christensen, for conspiring with others to remove him from his teaching position. ¶ No notice of claim, in its usual form, was served upon defendants. However, an unverified document, identical to the instant complaint, was handed to the president of the school board by plaintiff's attorney some time in the summer of 1976. ¶ On October 28, 1982, defendants moved for summary judgment dismissing the complaint on the grounds that, *inter alia,* plaintiff failed to serve a notice of claim as required by section 3813 of the Education Law. Special Term granted defendants' motion, concluding that the first two causes of action seeking reinstatement were reviewable only in the context of a CPLR article 78 proceeding and were therefore barred by the four-month Statute of Limitations. As for the two remaining causes of action seeking money damages, Special Term concluded that plaintiff was barred from pursuing them due to his failure to serve a timely notice of claim. This appeal by plaintiff ensued. ¶ Plaintiff contends that Special Term erred in its conclusion that the first two causes of action were reviewable only in an article 78 proceeding and were therefore barred because they were not commenced in a timely manner (CPLR 217). For the purposes of this appeal, however, it is not necessary for us to make any determination as to the proper type of proceeding. Neither is it necessary for us to consider the adequacy of the proposed complaint as a notice of claim. All wrongdoing on the part of defendants, as alleged by plaintiff, took place on or before October of 1975. Consequently, it was incumbent upon plaintiff to offer some proof that the action was commenced in a timely manner and that a timely notice of claim was served (Education Law, § 3813). If any of

the causes of action were to be converted by this court to article 78 proceedings, as plaintiff requests, the applicable Statute of Limitations would be four months (CPLR 217). In all actions which required a notice of claim, the notice was required to be served within three months (Education Law, § 3813). In this case, the time to serve the petition or the notice of claim began to run on October 22, 1975 and the notice of claim (complaint) was handed to a member of the board some time after June 24, 1976.[*] The actual service of the summons and complaint was August 26, 1976. Application of the two statutes is elementary and requires no discussion except for the first cause of action alleging fraud. ¶ Ordinarily, a cause of action for fraud does not accrue until the fraud is discovered or, with reasonable diligence, could have been discovered (CPLR 213, subd 8). In this instance, plaintiff alleges that defendants represented to him that he would be eligible for an administrator's certificate upon completion of his administrative internship. He states that the representation was false because State Education Department regulations required further college credits to entitle him to a certificate. He claims that he did not discover that fact until some time in April, 1976 and that the notice of claim was served within three months thereafter. The information which plaintiff ultimately obtained was contained in 8 NYCRR 80.4. Knowledge of laws and regulations duly adopted pursuant to and under the authority of law is chargeable to all persons affected thereby (see *Matter of Weis Securities,* 425 F Supp 212; *Flamm v Ribicoff,* 203 F Supp 507; *Hochberg v New York City Off-Track Betting Corp.,* 74 Misc 2d 471, affd 43 AD2d 910; 21 NY Jur, Evidence, § 121, pp 255-257). No more demonstrable an example of the necessity for such a principle of law than the present case exists. Those in the educational field are aware that their profession is strictly controlled by the licensing authority of the State Education Department. In changing from one field to another in the educational field, it is imperative that the controlling regulations be examined. Plaintiff was on notice as to the requirements of his contemplated certificate on the day that he resigned his teaching position, October 22, 1975, even though that notice was constructive. June 24, 1976 was too late to commence an article 78 proceeding or serve a notice of claim. ¶ Plaintiff claims that under no circumstances should the complaint against defendant Christensen be dismissed, contending that said defendant acted outside the scope of his employment. However, the complaint alleges that he was an employee and agent of defendant school district and alleges his acts to be attributable to the school district. Because the alleged wrongdoing of defendant Christensen was tortious, notice must be served in conformance with section 3813 of the Education Law (*Cioffi v Giannone,* 56 AD2d 620). ¶ We have examined plaintiff's remaining contentions and have found them to be without merit. ¶ Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

(July 27, 1984)

---

* The record does not indicate the date of service other than during the summer of 1976. The date of the last event alleged in the complaint was June 24, 1976.