335 F.Supp. 318 (1971)
Albert E. BERNER, Administrator of the Estate of Richard F. Bernard, Deceased, Plaintiff,
v.
Robert H. FINCH, Secretary of Health, Education & Welfare, Defendant.
No. 70 C 192(2).
United States District Court, E. D. Missouri, E. D.
August 12, 1971.
*319 Stemmler & Stemmler, St. Louis, Mo., for plaintiff.
Daniel Bartlett, Jr., U. S. Atty., Harold E. Zahner, Asst. U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM OPINION AND ORDER
REGAN, District Judge.
This proceeding was filed to review a final decision of the Secretary of Health, Education and Welfare. Defendant has moved to dismiss, with a supporting affidavit, on the ground that the complaint fails to state a claim upon which relief can be granted. A number of exhibits which constitute part of the record before the Secretary are attached to the affidavit. Plaintiff moved for an order to require defendant to supplement the record and include other parts of the administrative proceedings. In the interest of justice and without determining the relevancy of the additional material, we sustained plaintiff's motion and thereafter the requested documents were filed and are now before us.
Applications for retirement insurance and disability benefits to which Richard F. Bernard, deceased, was allegedly entitled at and prior to his death on February 17, 1968, were filed on December 31, 1968, by his brother Albert F. Berner, acting as administrator of Richard's estate. The record shows that on May 29, 1969, the Social Security Administration declined to consider the merits of this claim on the ground that it was simply a duplicate of an application which Richard had filed on his own behalf on November 21, 1967, on the basis of which retirement insurance benefits had been awarded Richard effective November, 1966. No disability insurance benefits had been awarded on Richard's application because he was then over 65 years of age, having been born June 9, 1897. Neither Richard nor anyone on his behalf made any request for reconsideration of the award during the 6-month period thereafter either before or after his death.
After the May 29, 1969 ruling, there ensued a series of letters between the Social Security Administration and the attorney for Albert, during the course of which on October 13, 1969, a formal Request for Hearing was filed. The Hearing Examiner dismissed the Request for Hearing on December 24, 1969 on the ground that he had no jurisdiction. The ruling was based on Section 404.917 of the Regulations (20 C.F.R.) which requires both an initial determination and *320 a reconsideration thereof as a prerequisite to entitlement to a hearing. Since the claim was considered a duplicate of the one which Richard had filed, no initial determination of entitlement to benefits had been made on the December 31, 1968 applications. The Social Security Administration had also refused to grant a reconsideration, on the theory that one had not been requested within the 6 months after the determination of Richard's application. Plaintiff then requested a review of the Hearing Examiner's action, with the result that on February 19, 1970 the Appeals Council affirmed the dismissal of the hearing request for lack of jurisdiction, no reconsideration determination of Richard's November, 1967, application having been made. Inter alia, it also held that plaintiff's December 31, 1968 applications "are ineffective as applications because section 404.605 of the regulations, supra, provides that a claimant must be alive at the time a properly executed application is filed on his behalf with the Social Security Administration." The present action was then filed seeking a review of the decision dismissing his request for a hearing or in the alternative for an order in the nature of a mandamus directing the Secretary to grant a hearing on the issue of Richard's alleged incompetence.
It appears from the record that on August 23, 1963, an application had been filed by Albert on behalf of Richard seeking both disability and retirement insurance benefits, on the theory that Richard was then incompetent. The present basic position of plaintiff is that this August 23, 1963 application is still viable and pending,[1] merely awaiting proof of Richard's incompetency, proof which plaintiff now seeks to present.
In the intervening period after the 1963 application was filed, Albert had submitted no evidence to establish either the incompetence of Richard or his inability to file an application on his own behalf. Not only was the 1963 application not filed by Richard, but in fact Richard refused to make any application for benefits at that time although representatives of the Social Security Administration and others attempted to persuade him to do so.
Under Section 404.603 of the Regulations, if the claimant is not mentally competent, an application may be executed by the person who has the claimant in his care, the manager of an institution which has claimant in its care, or by a legally appointed guardian or representative. Admittedly, Albert did not have claimant in his care at any time pertinent to the 1963 application (or thereafter for that matter), nor had he or anyone else been appointed guardian or other representative of Richard. Although the source of Richard's income was unknown, he did support and care for himself during his lifetime.
Paragraph (g) of Section 404.603 of the Regulations provides that for good cause shown the Administration may accept an application executed by a person other than one described in the other paragraphs of the section. As we read the record, the Administration did not accept the application which Albert executed in 1963 nor find good cause for *321 doing so, and on October 4, 1963, it notified him by letter (of which a copy was sent to Richard) that after consideration of the evidence submitted "we have decided that benefits on behalf of Richard Bernard cannot be paid to you." The letter includes the express finding that "(t)here is no evidence to establish that [Richard] is unable to manage his own funds" and states that he "should file application on his own behalf." Albert took no further action either to request reconsideration or otherwise show good cause for the administration to accept the 1963 application.
The October 4, 1963 decision did not purport to determine whether Richard was then entitled to disability or other benefits. All that was decided was that good cause had not been shown for accepting the application filed by Albert. This decision left nothing open except the right of Richard to file an application on his own behalf, a right which he finally exercised in November, 1967. Albert did not seek administrative or court review of the decision. Parenthetically, we note that at least as late as November 3, 1969, plaintiff himself [through his attorney] took the position that no proper application had been made in 1963 by a person who was authorized under the Regulations to do so, and that "the attempted application [of August 23, 1963] was therefore no application, and not binding on the incompetent." Plaintiff's present position, as we have indicated, is precisely the reverse.
Plaintiff stresses the fact that the Administration made no determination of "entitlement" under the 1963 application, and now urges that absent such a determination there has been no final disposition of that claim, so that it is still pending. This contention overlooks the fact that until a proper application has been filed no determination of "entitlement" thereunder could be made. The October 4, 1963 decision constituted a final disposition of the application which effectively removed it from the category of pending proceedings. We hold that the 1963 application was neither viable nor pending on December 31, 1968, when plaintiff, as administrator of Richard's estate, filed the latest applications for benefits, for the reason that the action taken by the Administration effectively terminated or closed the proceeding. Should we be wrong in that view, we are of the further opinion that at best the 1963 claim filed by Albert was abandoned by him for want of prosecution during the lifetime of Richard.
There can be no question but that Richard, the individual actually entitled to the benefits, made no application therefor prior to November 21, 1967. And, assuming Richard's competency, plaintiff does not dispute that Richard could not have been awarded disability benefits on this application for the reason that he had attained age 65 in 1962. And, again assuming his competency, Richard was indisputedly awarded on that application the maximum amount of retirement benefits for the full period (12 months) which the law permitted, even though had he filed his application at an appropriately earlier date, he would have received some four years additional retirement benefits.
Plaintiff contends, however, that Richard was in fact incompetent and had been so since 1951, and on that premise argues that both the 1967 application and the award made thereon were void. We find no supporting authority for the contention that an application for benefits which is filed by an incompetent (whose actual incompetency is unknown to the Administration) is by reason thereof void. At worst, such an application and the proceedings thereon are voidable. Since Richard was in fact awarded the full amount which could have been awarded to him at that time even if the 1967 application had then been filed and prosecuted by a legally appointed guardian on his behalf, there is no reason for voiding the award thereon. Cf. Allen v. Kelso, Mo., 266 S.W.2d 696, 704.
*322 Plaintiff's position is inconsistent. If, as plaintiff now urges, Richard's 1967 application is void because of his then alleged incompetency, then there never was an application filed by Richard or by any authorized person on his behalf during his lifetime either for old age or disability benefits. Section 402(a) (3), 42 U.S.C. made it a condition to entitlement to old age insurance benefits that the insured individual have filed an application for such benefits or that he have been "entitled to disability insurance benefits for the month preceding the month in which he attained the age of 65." Contrary to plaintiff's contention, the last quoted language does not aid him because Richard was not statutorily "entitled" to disability benefits. Section 423(a) (1) (C) conditions an individual's entitlement to disability insurance benefits upon his having filed an application for such benefits. Hence, an application by the insured individual is a sine qua non of entitlement to benefits. Cf. Clark v. Celebrezze, 1 Cir., 344 F.2d 479, 481, cert. den. Clark v. United States, 385 U.S. 817, 87 S.Ct. 38, 17 L.Ed.2d 56; Bender v. Celebrezze, 7 Cir., 332 F.2d 113, 115. As noted in Coy v. Folsom, 3 Cir., 228 F.2d 276, 278:
"The making of an application by an insured during his lifetime, or by some one on his behalf, is a necessary condition precedent to the creation of an obligation on the part of the United States under the statute."
No such application prior to 1967 having been filed by Richard in his lifetime, and the attempted 1963 application by Albert being without legal effect, as held supra, the petition for review fails to state a claim under the statute.
Plaintiff's final contention is that if the statute and regulations are construed to "deprive" an incompetent person of benefits to which he is entitled because of his failure to make timely application for such benefits, then the statute and regulations as so construed would be violative of the Constitution of the United States by depriving him of his property without due process of law. We do not agree, wholly apart from the fact that this argument is made not by Richard, the person who was entitled to the benefits and who would allegedly be deprived thereby, but by Albert on behalf of himself and the other heirs of Richard. We have heretofore noted the right to file applications which is granted to guardians and other representatives on behalf of incompetents so that ample means were provided whereby an incompetent who is unable to file an application himself may nevertheless procure the benefits to which he is entitled. Albert, who is now so concerned about the rights of Richard, was not sufficiently concerned during his lifetime to seek the appointment of a guardian.
It follows from the foregoing that plaintiff's motion for summary judgment should be and it is hereby denied and that defendant's motion to dismiss should be and it is hereby sustained, and the proceeding is ordered dismissed.
NOTES
[1] A subsidiary contention is that a letter filed November 29, 1961 makes that date the effective date of the subsequently filed 1963 application, under the provisions of 404.613(a) and (b) of the Regulations. In view of our disposition of the motion to dismiss we need not definitively rule this contention. However, we note that Section 404.613(a) relates to the effect of a written statement filed by an individual on his own behalf. The letter, although purporting to be signed by Richard, was admittedly not so signed nor was the signature thereon authorized by him. Section 404.613 (b), relating to the effect of a written statement filed by a person on behalf of another, makes it a condition that the statement bear the signature of the person filing the statement, and admittedly it does not bear Albert's signature. A further condition of this paragraph is that the statement be signed by a proper party to execute an application as determined by Section 404.603 of the Regulations.