**John LEIMBACH, as father and natural guardian on behalf of George A. Leimbach and Diane M. Leimbach, minors over the age of 14 years, Plaintiffs,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, or his successors in office, Defendant.**

No. 77–1240C(3).

United States District Court,
E. D. Missouri, E. D.

May 30, 1978.

Patrick B. Cummings, St. Louis, Mo., for plaintiffs.

Joseph B. Moore, Asst. U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for defendant.

MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon plaintiff's objections to the review and recommendation filed herein by the United States Magistrate to whom this cause was

referred. Plaintiff filed this suit seeking review of the decision rendered by the Secretary of Health, Education and Welfare granting social security benefits to plaintiff's children, based upon the earnings record of plaintiff's deceased wife. The sole issue presented is the date of the first month of entitlement.

The evidence adduced at the December 14, 1976 hearing, held before an administrative law judge, establishes that plaintiff did not make a written application for benefits on behalf of his children until June, 1975. He did, however, telephone or visit Social Security offices in 1968, 1970, 1971 and 1972, inquiring about benefits for his children. He was told on all of these occasions that his children were not entitled to receive benefits. No written applications were made on these occasions. Plaintiff did file a written application in June, 1975, and benefits were awarded, with June, 1974 as the first month of entitlement. There is no dispute that plaintiff's children are entitled to benefits and that they were so entitled when plaintiff first made inquiry in 1968. The only dispute is whether such benefits may date from plaintiff's oral inquiry as to eligibility.

It is clear that an application is required in order to be entitled to benefits. See *Berner v. Finch*, 335 F.Supp. 318 (E.D.Mo. 1971) and cases cited therein. Title 20 C.F.R. § 404.601 *et seq.* requires that such application be in writing on a form provided by the Social Security Administration. Plaintiff contends that his oral inquiry in 1968 should suffice, noting that prior to 1955, oral applications for benefits were permitted.

In *Holmes v. Weinberger*, 423 F.Supp. 149 (E.D.N.Y.1976), the court awarded benefits as of the date when inquiry as to eligibility was first made, despite a failure to file a written application. The court noted that the applicant would have complied with the proper procedures "absent affirmative misconduct on the part of an Administration employee . . .". *Id.* at 152. The court also noted that prior regulations had provided that an oral inquiry would constitute an application where the individual later made written application and eligibility existed. Accordingly, the court concluded that given the liberal construction to be afforded to the Social Security Act, benefits should be awarded as of the date of first inquiry. *Cf., Tuck v. Finch*, 430 F.2d 1075 (4th Cir. 1970).

The Court is of the opinion that *Holmes* is controlling herein. *Cf., May Department Stores Co. v. Williamson*, 549 F.2d 1147 (8th Cir. 1977) (concurring opinion of the Honorable Donald P. Lay). The decision in *Holmes* comports not only with the equities herein but also with the Congressional purpose. *Cf., Rosenberg v. Richardson*, 538 F.2d 487 (2d Cir. 1976). Plaintiff's attempts to make written application were thwarted by the misstatements of employees of the Social Security Administration who repeatedly and erroneously told plaintiff that his children were not eligible. Under these circumstances, the Court concludes that benefits should be awarded as if written application had been made in 1968.

The record herein fails to indicate a date in 1968 on which plaintiff first inquired as to his children's eligibility. Absent such information, the Court is unable to determine the date on which entitlement begins. Accordingly, the Court will sustain plaintiff's objections to the Magistrate's review and recommendation, remand this cause to the Secretary of Health, Education and Welfare to determine the proper date of entitlement, and order that benefits be awarded from the date so determined.